No. 101,563

STANTON HOLT, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(232 P.3d 848)

Opinion filed May 6, 2010.

*Gerald E. Wells*, of Lawrence, argued the cause and was on the briefs for appellant.

*Steven L. Opat*, county attorney, was on the briefs for appellee.

The opinion of the court was delivered by

NUSS, J.: This case arises out of the district court's denial of Stanton Holt's fourth motion for post-conviction relief under K.S.A. 60-1507. The court not only denied the motion without appointment of counsel and hearing but also barred Holt from filing "further K.S.A. 60-1507 or similar motions surrounding this case." Holt appealed, challenging both the denial of the present motion and the blanket prohibition of future motions. We transferred the case from the Court of Appeals pursuant to K.S.A. 20-3018(c).

The issues on appeal, and our accompanying holdings, are as follows:

1. Did the district court err in dismissing Holt's 60-1507 motion without conducting a hearing? No.
2. Did the district court exceed its power to limit the filing of future motions? Yes.

Accordingly, we affirm in part, reverse in part, and remand for further proceedings.

## FACTS

In 1994, a jury convicted Stanton Holt of over 60 offenses, including two counts of first-degree murder, multiple counts of aggravated burglary, burglary, felony theft, misdemeanor theft, criminal damage to property, and other offenses. He received a controlling sentence of life plus life plus 123 to 355 years.

We affirmed Holt's convictions on direct appeal in *State v. Holt*, 260 Kan. 33, 917 P.2d 1332 (1996). In essence, Holt committed a series of burglaries and related offenses in Junction City, Kansas, and killed two persons during those events. Following our opinion in Holt's direct appeal, he employed different methods in search of relief. These methods include four pro se 60-1507 motions, a pro se motion to correct illegal sentences, a pro se motion for judgment of default, two habeas corpus motions filed in United States District Court pursuant to 28 U.S.C. § 2254, and a motion for reconsideration. All of his motions were denied or dismissed, except the Kansas Court of Appeals granted Holt's motion to correct one of his sentences, a result that did not affect his controlling sentence. *State v. Holt*, 2007 WL 1309615 (Kan. App. 2007) (unpublished opinion).

Holt filed all four pro se 60-1507 motions in the Geary District Court. His first 1507 motion was a 78-page handwritten document alleging that several failures of his appointed trial counsel amounted to ineffective assistance. The district court set the cause for hearing, granted Holt's appointed motion counsel additional time to prepare, and met with both parties. The State filed a motion to dismiss, Holt's counsel did not object, and the court dismissed Holt's motion. The Court of Appeals affirmed the dismissal, noting: "In the opinion of Holt's lawyer and the district court, the 1507 petition failed to raise substantial issues of law or triable issues of fact. On appeal, Holt cites nothing in the record to support his petition." *Holt v. State*, No. 81,489, unpublished opinion filed January 29, 1999.

Holt's second 1507 motion was a 41-page handwritten document raising almost identical issues to his first motion, including ineffective assistance of counsel. Specifically, Holt claimed his trial coun-

sel was ineffective for failing to object to prosecutorial misconduct. Prior to the hearing, Holt's appointed motion counsel sent a letter to the court requesting to withdraw for conflict reasons. Counsel expressed belief that Holt's second 1507 motion did not state a cause of action and simply raised the same argument as his first motion. Holt appeared pro se at the hearing. The district court "note[d] that many of the issues raised by [Holt] were raised by direct appeal and decided adversely to [him]" and dismissed the motion. The Court of Appeals concurred that Holt's second motion raised "a variation of issues Holt previously raised either [in] his direct appeal or in his initial 1507 motion" and affirmed the dismissal. *Holt v. State,* 2003 WL 22990148, at *3 (Kan. App. 2003) (unpublished opinion).

Holt's third 1507 motion was an 18-page handwritten document raising similar issues to both prior motions, including ineffective assistance of counsel. The district court dismissed the motion as successive and an abuse of remedy, noting, "Holt has filed three 1507 motions which are nearly identical." The Court of Appeals affirmed the dismissal, finding the third motion successive to the first two. *Holt v. State,* 2007 WL 1413131, at *4 (Kan. App. 2007) (unpublished opinion).

Holt's fourth 1507 motion, which is presently before us for review, is a 15-page typewritten document. He makes broad claims of DNA inconsistencies, false presentation of evidence by the prosecution, trial judge bias, and improper jurors. Once again, he also claims ineffective assistance of counsel. The district court denied Holt's request for appointed counsel and a hearing. Citing Holt's prior appeals and motions, the court also found this motion successive because "all issues raised by Holt in the present motion have been decided at least five or six times considering the filings in Federal Court. Further, Holt has filed four 1507 motions which are nearly identical." The court dismissed the motion and barred Holt from filing future motions in his case.

Holt responded to the ruling with a letter to the judge. The court characterized the letter as a motion for reconsideration, which it denied. Holt appealed.

More facts will be added as necessary to the analysis.

ANALYSIS

Issue 1: *The district court did not err in dismissing Holt's 1507 motion without a hearing.*

Holt's fourth 60-1507 motion raises many issues. On appeal, however, he only challenges the district court's failure to hold a hearing on his ineffective assistance of counsel claim. Accordingly, we will only address that issue. See *State v. Richmond*, 289 Kan. 419, 437, 212 P.3d 165 (2009) (Issues not briefed are deemed waived or abandoned.).

Holt argues that because effectiveness of counsel cannot be determined without an evidentiary hearing, the court erred in its summary dismissal. He asks this court to grant a hearing so he can provide evidence of interactions with his attorneys, their conversations, courses of action, and other items that do not appear in the record and reflect on the level of assistance provided.

The State responds that Holt is not entitled to relief because his present motion is successive and identical to the first three 1507 motions.

A summary dismissal occurs when "the district court reviews the motion, records, and files of the case and reaches a decision without conducting a hearing." *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007). We examine summary dismissals of K.S.A. 60-1507 motions using a de novo standard of review. *State v. Howard*, 287 Kan. 686, 690-91, 198 P.3d 146 (2008). This standard requires "an appellate court to determine whether the motion, files, and records of the case conclusively show the movant is entitled to no relief." *Trotter v. State*, 288 Kan. 112, 132, 200 P.3d 1236 (2009).

We have held that " '[a] movant has the burden to prove his or her K.S.A. 60-1507 motion warrants an evidentiary hearing; the movant must make more than conclusory contentions and must state an evidentiary basis in support of the claims or an evidentiary basis must appear in the record.' [Citation omitted.]" *Trotter*, 288 Kan. at 131-32. If a movant satisfies that burden, the court is required to grant a hearing, unless the motion is "second" or "successive" and seeks similar relief. K.S.A. 60-1507(c) (court shall not be required to entertain a second or successive motion for similar

relief on behalf of the same prisoner). Kansas Supreme Court Rule 183(d) (2009 Kan. Ct. R. Annot. 251) clarifies:

"The sentencing court shall not entertain a second or successive motion for relief on behalf of the same prisoner, where (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application."

For the only claim we review on Holt's appeal, lack of hearing on his claim of ineffective assistance of counsel, he argues for the first time that his three prior 1507 motions were improperly dismissed without an evidentiary hearing. His right to argue the lack of prior evidentiary hearings, however, ended with his direct appeals on those particular motions. See, *e.g., Richmond,* 289 Kan. at 437 (issue not briefed is deemed waived or abandoned).

In reviewing Holt's claim of entitlement to a hearing for his fourth motion alleging ineffective assistance of counsel, we are unable to ascertain any specific instances of conduct to determine whether his trial counsel's representation fell below an objective standard of reasonableness. See *State v. Gleason,* 277 Kan. 624, 643-44, 88 P.3d 218 (2004) (reciting the two-prong standard from *Strickland v. Washington,* 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 [1984]). Holt only makes conclusory contentions without an evidentiary basis to support his claims. For instance, he claims his trial counsel was "dishonest, incompetent, inexperience[d] [and] inadequate," but he does not explain how. As a result, he is not entitled to the hearing he demands. See *Trotter,* 288 Kan. at 131 ("movant must make more than conclusory contentions").

In addition to ruling that Holt failed to establish the need for an evidentiary hearing, we hold that Holt's present 1507 motion is successive. See K.S.A. 60-1507(c). His first three motions all alleged ineffective assistance of counsel, as does his present one.

Finally, we acknowledge that even successive motions can be considered under exceptional circumstances. See *Dunlap v. State,* 221 Kan. 268, 270, 559 P.2d 788 (1977); Rule 183(c)(3). "Exceptional circumstances are unusual events or intervening changes in the law that prevented the defendant from raising the issue in a preceding 60-1507 motion. [Citation omitted.]" *State v. Mitchell,*

284 Kan. 374, 379, 162 P.3d 18 (2007). Under these facts, however, Holt has not demonstrated any such circumstances to justify consideration of his latest motion.

The district court properly dismissed Holt's fourth 1507 motion.

Issue 2: *The district court exceeded its power to limit the filing of future motions.*

After dismissing Holt's fourth 1507 motion, the district court ruled that Holt was barred from filing, and the clerk of the court was barred from accepting, such future motions in his criminal case:

"It is now to the point that these successive and frivolous motions for post judgment relief are taking valuable judicial resources, are cumulative, spurious and serve no purpose but to occupy the time of this prisoner. *Thus, the court orders that this prisoner is barred from filing any further K.S.A. 60-1507 or similar motions surrounding this case. The clerk of the court is directed to refrain from filing further motions from this prisoner in regard to the convictions in Geary County case number 93 CR 430.* All due process to which this prisoner is entitled has been exhausted and there must come a time for the judicial system to be free from these types of successive motions." (Emphasis added.)

Holt argues that the district court (1) exceeded its authority and violated his Fourteenth Amendment rights under the United States Constitution by barring prospective motions, and (2) lacked jurisdiction to order the clerk of the court not to file prospective motions. The State responds that the district court's order was a proper exercise of the court's inherent power to control the litigation.

### Establishing the standard

Holt initially contends that courts do not possess the authority to impose any filing restrictions. We disagree. We have generally recognized that courts have the powers necessary for the administration of justice:

"[A] court has certain inherent powers it may exercise, those reasonably necessary for the administration of justice, provided these powers in no way contravene or are inconsistent with substantive statutory law. [Citations omitted.] Such powers may be exercised as a means of enforcing obedience to a law which the court is called on to administer." *Wilson v. American. Fidelity Ins. Co.*, 229 Kan. 416, 421, 625 P.2d 1117 (1981).

See also *Comprehensive Health of Planned Parenthood v. Kline*, 287 Kan. 372, 429, 197 P.3d 370 (2008) (Davis, J., concurring) (inherent powers must be exercised with restraint and discretion).

Included in a court's inherent power is the ability to control its docket. *Air Line Pilots v. Miller*, 523 U.S. 866, 879 n.6, 140 L. Ed. 2d 1070, 118 S. Ct. 1761 (1998); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 8 L. Ed. 2d 734, 82 S. Ct. 1386 (1962). As a means of controlling the docket, federal courts have recognized the inherent power of a court to impose reasonable filing restrictions to curb abusive filing practices. See, *e.g.*, *Cromer v. Kraft Foods North America, Inc.*, 390 F.3d 812 (4th Cir. 2004); *In re Oliver*, 682 F.2d 443 (3d Cir. 1982); *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984); *In re Green*, 669 F.2d 779 (D.C. Cir. 1981); *Gordon v. United States Dept. of Justice*, 558 F.2d 618 (1st Cir. 1977); see also *Ford v. Pryor*, 552 F.3d 1174, 1180 (10th Cir. 2008) (" 'Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances.' ") (quoting *Andrews v. Heaton*, 483 F.3d 1070, 1077 [10th Cir. 2007]). Such limitations are consistent with the principle that "the right of access to the courts is neither absolute nor unconditional [citation omitted], and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious. [Citations omitted.]" *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989).

The power to impose filing restrictions is not without limitations, however. See, *e.g.*, *Tripati*, 878 F.2d at 352 ("conditions cannot be so burdensome, however, as to deny a litigant meaningful access to the courts"); *Cromer*, 390 F.3d at 819 (order preventing plaintiff from ever filing documents in a particular case was overbroad); *Ortman v. Thomas*, 99 F.3d 807, 810-11 (6th Cir. 1996) (absolute bar to further litigation is too broad); *Matter of Davis*, 878 F.2d 211, 212 (7th Cir. 1989) (absolute bars violate constitutional and statutory rights of access to the courts); *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) (district courts have a variety of options but cannot completely foreclose a party from any access to the court).

The majority of appellate decisions on this issue involves reviews of filing restrictions imposed by district courts. But when a party engages in abusive practices in the appellate courts, even those courts have imposed their own restrictions, both on a party's ability to appeal and to file original actions. For example, in *In re Winslow,* 17 F.3d 314 (10th Cir. 1994), the Winslows appealed from the district court's affirmance of bankruptcy court orders allowing sale of certain realty and a stipulated settlement with two estate creditors. The Tenth Circuit determined that the Winslows' complaints "are the same allegations which the Winslows have raised [on 17 occasions] over the last ten years." 17 F.3d at 315. The court then imposed enumerated restrictions on future filings because of "the Winslows' history of repetitive filings and abuse of the judicial process." 17 F.3d at 314-15. In essence, the court prohibited the Winslows from filing future pro se appeals or original actions unless they first obtained permission from the Circuit's Chief Judge. The Chief Judge was to review all proposed filings and, if all the restrictions were met and the pleadings approved, the clerk would be directed to file the document(s). 17 F.3d at 315-17. The court also provided the Winslows with an opportunity to object to the proposed filing restrictions. 17 F.3d at 317. In another case concerning abusive filing practices with the Tenth Circuit, that court imposed both monetary sanctions and filing restrictions on future appeals that raised claims decided by appellant's prior appeals or were related to the claims brought in those appeals. *Ford v. Pryor,* 552 F.3d 1174 (10th Cir. 2008).

The Kansas Court of Appeals opinion in *State ex rel. Stovall v. Lynn,* 26 Kan. App. 2d 79, 975 P.2d 813 (1999), is consistent with this federal jurisprudence. While Lynn's direct appeal of his numerous criminal convictions was pending, he filed multiple civil causes of action in district court arising out of his convictions. The State filed a petition seeking reasonable filing restrictions. After a hearing, which Lynn attended via telephone from prison, the court granted a permanent injunction and placed conditions on filing. These included, among other things, filing with the court an application for leave to file a petition or pleading except for notices of appeal; providing a list of all lawsuits currently pending or pre-

viously filed involving the same claims or parties and their disposition; providing an affidavit certifying that the claims had not been previously asserted, that the claims were not frivolous or made in bad faith, and that they complied with all civil and appellate procedures and rules. Finally, the administrative judge would review the proposed pleadings and would allow them to be filed only if they were not lacking in merit, were not duplicative, and were not frivolous. 26 Kan. App. 2d at 81.

The *Lynn* panel noted that " '[t]he goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous [claims].' " 26 Kan. App. 2d at 82 (quoting *In re Sindram*, 498 U.S. 177, 179-80, 112 L. Ed. 2d 599, 111 S. Ct. 596 [1991]). It also observed that litigiousness alone was insufficient reason to restrict access to the court, but that restrictions are appropriate where "a party has 'engaged in a pattern of litigation activity which is manifestly abusive.' " 26 Kan. App. 2d at 82 (relying on *Johnson v. Cowley*, 872 F.2d 342, 344 [10th Cir. 1989]). The court cautioned that "restrictions on a person's right to access to the courts must be carefully drawn and not be unnecessarily restrictive." 26 Kan. App. 2d at 82. After concluding that the main purpose of the suits was to aid Lynn in his appeal, it also determined that he was using the suits to attempt to harass various personnel involved in his case. It then affirmed these reasonable restrictions imposed on Lynn.

We generally agree with these authorities. Within the district court's inherent power to manage litigation is the ability to curb abusive filing practices that place a strain on the judicial system. Consistent with this inherent power, we additionally note that K.S.A. 60-211 authorizes courts to impose sanctions for pleadings, motions, and other papers that are presented for improper purposes and that are not warranted by existing law (unless making a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law). We further observe that when monetary sanctions are imposed under the statute against an inmate such as Holt, the Secretary of Corrections is authorized to disburse the money from the inmate's account. K.S.A. 60-211(f). The existence of a sanctioning statute or rule does

not exclude invocation of the court's inherent power. See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49-50, 115 L. Ed. 2d 27, 111 S. Ct. 2123 (1991).

We also agree that when imposing filing restrictions, the restrictions shall be reasonable: for example, with enumerated prefiling conditions. See, *e.g.*, *In re Winslow*, 17 F.3d 314; *Lynn*, 26 Kan. App. 2d 79. Blanket prohibitions, however, would deny a party's future access to the courts and constitute an overextension of the inherent authority. Blanket restrictions would also be contrary to certain Kansas statutory authority. For example, while motions under K.S.A. 60-1507 can be denied because they are successive, K.S.A. 21-2512 expressly permits a person in State custody to petition the court that entered judgment for forensic DNA testing "at any time after conviction for murder." See, *e.g.*, *State v. Denney*, 278 Kan. 643, 644-45, 101 P.3d 1257 (2004) (court addressed DNA testing motion filed 9 years after conviction). Similarly, K.S.A. 22-3504 explicitly allows an illegal sentence to be corrected "at any time." *State v. Ballard*, 289 Kan. 1000, Syl. ¶ 10, 218 P.3d 432 (2009).

We further agree that before the court-imposed filing restrictions become effective, the party subject to them is entitled to notice and an opportunity to be heard in opposition. See, *e.g.*, *Tripati*, 878 F.2d at 354 (requiring the same and citing other jurisdictions imposing this requirement); *Lynn*, 26 Kan. App. 2d 79; *Ford v. Pryor*, 552 F.3d 1174 (10th Cir. 2008); *Cromer*, 390 F.3d at 819.

But the objecting party is not required to be physically present. See, *e.g.*, *Tripati*, 878 F.2d at 354 ("The notice and opportunity requirement does not, however, require an in-person hearing in the district court. Mr. Tripati is perfectly capable of reducing his objections to writing."); *Lynn*, 26 Kan. App. 2d 79 (inmate telephonically participated in hearing on proposed filing restrictions from prison); *cf. In re Winslow*, 17 F.3d at 316 ("Winslows shall have ten days from the date of this order to file written objections to these proposed sanctions.").

We now turn to Holt's next argument: that the court wholly lacked jurisdiction to order the clerk of the court not to file his prospective motions for any reason. We disagree. Chapter 20 of

the Kansas Statutes Annotated governs "courts," and 20-3102 provides that "[t]he clerks of the district courts shall do and perform all duties that may be required of them by law *or the rules and practice of the courts.*" (Emphasis added.) Chapter 60 governs civil procedure, including 60-1507 motions, and 60-2601(a) provides: "*General powers and duties.* In the performance of their duties all clerks of record shall be under the direction of the court."

In light of these statutes, we conclude that the district court has jurisdiction over the clerks and the authority to direct them to refrain from filing various items under appropriate circumstances. *Cf. Lynn,* 26 Kan. App. 2d 79 (Court of Appeals affirmed injunction enjoining inmate from filing actions absent his compliance with reasonable restrictions).

*Application of standard to instant case*

Having established that the district court possessed the power to impose reasonable filing restrictions, we turn to that court's order in this case. We have not previously articulated a standard of review for this particular issue. The Court of Appeals in *Lynn* applied an abuse of discretion standard. 26 Kan. App. 2d at 82. However, it was reviewing a district court decision permanently enjoining the filing of future lawsuits. See *Steffes v. City of Lawrence,* 284 Kan. 380, 393, 160 P.3d 843 (2007) (granting of injunctive relief reviewed for abuse of discretion).

We recently noted, however, that a district court has substantial discretion in controlling the proceedings before it. *Harsch v. Miller,* 288 Kan. 280, 288, 200 P.3d 467 (2009). We therefore readily conclude that, like the federal courts, we should review district court decisions on docket management for abuse of discretion. See *e.g., Link v. Wabash Railroad Co.,* 370 U.S. 626, 630-33, 8 L. Ed. 2d 734, 82.S. Ct. 1386 (1962); *Chambers,* 501 U.S. at 55 (reviewing a court's imposition of sanctions under its inherent power for abuse of discretion); *Baum v. Blue Moon Ventures, LLC,* 513 F.3d 181, 187 (5th Cir. 2008); *United States v. Nicholson,* 983 F.2d 983, 988 (10th Cir. 1993); *Tripati,* 878 F.2d at 354; *Miller v. Donald,* 541 F.3d 1091, 1096 (11th Cir. 2008).

The district court in the instant case issued an outright ban on "further K.S.A. 60-1507 or similar motions surrounding this case." This ban, unlike those imposed by the courts in *Lynn, Tripati, Winslow*, and other opinions, does not contain any conditions that would allow Holt to file future motions in his case. As noted, an outright ban is an impermissible restriction on a litigant's access to the courts. While Holt's past and current motions admittedly continue to advance the same arguments, the district court's order cuts off possible meritorious claims in the future.

Further, the order does not define "similar motions." Nor does it allow Holt any opportunity to seek permission from the district court before filing future motions. In effect, the order also prevents Holt from filing a motion for DNA testing or a motion to correct an illegal sentence in his criminal case, contrary to statutory direction permitting their filing at any time. See, *e.g.*, K.S.A. 21-2512 (motion for DNA testing after conviction of certain crimes); *Bruner v. State*, 277 Kan. 603, 605, 88 P.3d 214 (2004) (60-1507 motions can include requests for DNA testing); *State v. Mitchell*, 284 Kan. 374, 378-79, 162 P.3d 18 (2007) (noting the similarity of a motion to correct an illegal sentence and a 60-1507 motion); K.S.A. 22-3504 (motion to correct illegal sentence).

We recognize the district court's desire to curb Holt's successive filings. It exceeded its authority, however, by banning outright his future 60-1507 motions and similar avenues of relief. Its order denies Holt meaningful access to the courts. In short, the court abused its discretion. See *State v. Skolaut*, 286 Kan. 219, Syl. ¶ 3, 182 P.3d 1231 (2008) (abuse of discretion standard includes a review to determine that the discretion was not guided by erroneous legal conclusions). This problem can be corrected on remand both by enumerating reasonable conditions that inmate Holt must meet to allow his future filings and by giving him notice and an opportunity to be heard before the restrictive conditions are to become effective. See, *e.g.*, *Lynn*, 26 Kan. App. 2d at 81; *Tripati*, 878 F.2d at 354.

The district court's order is affirmed in part, reversed in part, and remanded for further proceedings.