FILED
United States Court of Appeals
Tenth Circuit

May 9, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TERRY D. McINTYRE,

  Petitioner-Appellant,

v.

DAVID McKUNE; DEREK SCHMIDT,
The Attorney General of the State of
Kansas,[*]

  Respondents-Appellees.

No. 11-3239
(D.C. No. 5:08-CV-03089-SAC)
(D. Kan.)

**ORDER DENYING A CERTIFICATE OF APPEALABILITY[**]**

Before **BRISCOE**, Chief Judge, **McKAY** and **LUCERO**, Circuit Judges.

Terry D. McIntyre seeks a certificate of appealability (COA) to appeal the

district court's denial of his 28 U.S.C. § 2254 habeas application challenging his

convictions for aggravated robbery, aggravated kidnapping, kidnapping, rape, and

aggravated criminal sodomy (Douglas County, Kansas, case no. 99CR978). We deny

a COA and dismiss this matter.

---

[*]    Derek Schmidt has been substituted for Stephen Six as an appellee in this case
pursuant to Fed. R. App. P. 43(c)(2).

[**]    This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

McIntyre seeks a COA on thirteen claims. The first claim, under the Fourth Amendment, challenges the trial court's failure to suppress evidence seized with a warrant that allegedly was obtained with false statements and intentional material omissions. The remaining claims all allege ineffective assistance of trial counsel.[1]

The district court concluded that the first claim is barred by *Stone v. Powell*, which held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. 465, 494 (1976) (footnote omitted). The district court further determined that the ineffective-assistance claims were procedurally defaulted because McIntyre did not present them to the Kansas Court of Appeals or the Kansas Supreme Court either on direct appeal or on appeal of the trial court's denial of his post-conviction motion under

---

[1] Specifically, McIntyre alleges counsel was ineffective in: failing to move to suppress certain evidence, including an affidavit by a police sergeant, evidence which exceeded the scope of the warrant, and an impermissibly suggestive pretrial identification (claims 2, 3, and 4); failing to redact a N.C.I.C. report (claim 5); failing to object to or challenge the testimony of a DNA analyst who did not actually perform the tests on the evidence against McIntyre (claim 6); failing to interview or subpoena certain witnesses, including the DNA analyst who actually performed the tests and an FBI agent who testified before the grand jury (claims 7 and 8); failing to object when the State vouched for a witness's credibility (claim 9); failing to obtain security videos from a K-Mart and a Quik Trip store (claims 10 and 12); failing to call McIntyre's expert witness to testify about problems with the DNA laboratory (claim 11); and threatening to abandon McIntyre, accusing him of committing fraud on the court, and pressuring him not to testify in his own defense (claim 13).

- 2 -

Kan. Stat. Ann. § 60-1507. In the alternative, the district court stated that all thirteen habeas claims would fail on the merits.

To obtain a COA, an applicant must demonstrate a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). When the district court denies a habeas petition on procedural grounds, a COA issues only when the prisoner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

McIntyre argues that the district court erred in applying *Stone v. Powell* to preclude his Fourth Amendment claim because the state courts failed to consider the merits and to apply the correct constitutional standards, *see Gamble v. Oklahoma*, 583 F.2d 1161, 1163 (10th Cir. 1978). He also asserts that he was not provided a full and fair opportunity to litigate the Fourth Amendment claim because his counsel inadequately presented the facts and he was denied the hearing to which he was entitled under *Franks v. Delaware*, 438 U.S. 154 (1978).

Unlike the situation in *Gamble*, however, there is no indication that the Kansas courts refused to recognize or apply the correct legal standards in this case.

McIntyre's belief that the state courts decided the claim wrongly does not mean that he was denied a full and fair opportunity to litigate. *See Matthews v. Workman*, 577 F.3d 1175, 1194 (10th Cir. 2009). He was able to brief his arguments, and the trial court held a hearing on whether to hold a *Franks* hearing. At that hearing, in addition to concluding that a *Franks* hearing was not warranted, the trial court held that the omissions were not material. McIntyre's counsel declined to raise suppression in his direct criminal appeal, but the Kansas Court of Appeals allowed McIntyre to file a pro se supplemental brief challenging the denial of suppression. After the Kansas Court of Appeals specifically acknowledged the pro se brief and stated that the arguments were meritless, McIntyre again on direct appeal was able to file a pro se petition for review to place the issue before the Kansas Supreme Court. No reasonable jurist would find it debatable whether McIntyre had a full and fair opportunity to litigate his Fourth Amendment claim in the Kansas courts.[2] *See Miranda v. Cooper*, 967 F.2d 392, 401 (10th Cir. 1992) (concluding that defendant had a full and fair opportunity to litigate, even though he did not receive a *Franks* hearing).

Regarding the twelve ineffective-assistance-of-trial-counsel claims, McIntyre mistakenly contends that they were adequately presented to the Kansas courts because they were included in his § 60-1507 motion. The Supreme Court has held

---

[2] To the extent that McIntyre asserts that his trial counsel was ineffective in handling the Fourth Amendment issue, no reasonable jurist could debate the district court's conclusion that any such claim is procedurally defaulted.

that "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-40 (1999). Because none of these ineffective-assistance claims were presented in a brief to the Kansas Court of Appeals and a petition for review to the Kansas Supreme Court, they were not properly exhausted. No reasonable jurist could debate the district court's conclusion that the claims were procedurally defaulted.[3]

---

[3] McIntyre does not argue before this court that he showed cause to excuse the procedural default. But after he filed his combined appeal brief and application for COA, the Supreme Court issued a new decision that may undermine the district court's conclusion, in its procedural default analysis, that ineffective assistance of counsel in McIntyre's § 60-1507 proceeding cannot establish cause. *Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012). But even assuming error in this portion of the analysis, reasonable jurists could not debate the district court's other reason for not finding cause, that an ineffective-assistance claim used to establish cause must itself be properly exhausted in the state courts. *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000).

McIntyre asserts that he raised his claim of ineffective assistance of § 60-1507 counsel before the Kansas Supreme Court in an original petition for a writ of habeas corpus under Kansas Supreme Court Rule 9.01(a). It is not adequate, however, to present a claim "to the state court . . . in such a manner that the state court could not, consistent with its own procedural rules, have entertained it." *Edwards*, 529 U.S. at 453. It does not appear that a Rule 9.01(a) original petition in the Kansas Supreme Court was the appropriate procedure for presenting this claim in the state courts. *See* Kan. Sup. Ct. Rule 9.01(a) ("Original jurisdiction of an appellate court will not ordinarily be exercised if adequate relief appears to be available in a district court."); *Holt v. State*, 232 P.3d 848, 852-53 (Kan. 2010) (recognizing that the trial court may hear a second or successive § 60-1507 motion in the proper circumstances). Therefore, the claim of ineffective assistance of § 60-1507 counsel also was procedurally defaulted.

The motion to proceed on appeal without prepayment of costs and fees is DENIED.  A COA is DENIED and this matter is DISMISSED.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk