NOT DESIGNATED FOR PUBLICATION

No. 116,944

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

GARRETT EDWIN KETLEY,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee.*

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE, III, judge. Opinion filed September 22, 2017. Affirmed.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Thomas R. Stanton*, deputy district attorney, *Keith E. Schroeder,* district attorney, and *Derek Schmidt,* attorney general, for appellee.

Before GREEN, P.J., BUSER and LEBEN, JJ.

LEBEN, J.: Garrett Edwin Ketley appeals from the district court's summary dismissal of his habeas corpus motion. Ketley filed a habeas corpus motion claiming ineffective assistance of counsel after he was sentenced to a 98-month presumptive prison sentence. The district court dismissed the motion because Ketley did not point to any viable issues or facts that his attorney could have presented to get a better outcome for Ketley.

Without specific facts about a potentially successful claim, Ketley's habeas motion contained unsupported conclusions, such as a claim that his attorney's work "was fatally deficient" or that had his attorney not been "lax" and "unattentive," she would have negotiated for a better result. Without more specific facts, Ketley's motion is one that the Kansas Supreme Court woud consider so "conclusory and inadequate" that no evidentiary hearing is required. *Trotter v. State*, 288 Kan. 112, 135, 200 P.3d 1236 (2009). So the district court properly dismissed his motion without holding an evidentiary hearing. We affirm its judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Ketley was charged with several drug offenses arising on two dates in April and May 2013. He was first arrested for felony possession of marijuana with the intent to sell it, an offense serious enough that it has a standard 98-month presumptive prison sentence even for a person who has no past criminal offenses. But while Ketley was out on bond on the initial felony charge, he was arrested again—this time for felony possession of marijuana with intent to sell within 1,000 feet of a school.

Since the charges arose from separate acts on different dates, the State charged Ketley in two separate cases with those offenses and some related drug charges (like possessing the marijuana without having a drug-tax stamp affixed to it). The court appointed Alice Osburn to be Garrett Ketley's attorney for trial and sentencing. Ketley ultimately pled guilty to all of the charges, which were then combined into a single complaint for sentencing.

Before the sentencing hearing, Osburn filed a written motion for a departure sentence of probation instead of the presumptive prison sentence called for under Kansas sentencing guidelines. Osburn supported the motion with letters of family support and a psychological evaluation suggesting that Ketley would do well in drug treatment outside

2

a prison setting. The district court denied the departure motion and sentenced Ketley to 98 months in prison for each of the possession-of-marijuana-with-intent-to-sell charges (both the one near a school and the one that wasn't) and lesser sentences on three other charges. The court ordered all of the sentences to run concurrently (rather than consecutively, one after another), so Ketley's total prison sentence is 98 months.

Ketley appealed his sentence, and his appointed appellate counsel filed a motion seeking summary disposition of the sentencing appeal. The Kansas Supreme Court accepted the appeal for summary disposition but dismissed the appeal because Ketley had received a presumptive sentence under Kansas sentencing guidelines and presumptive sentences are, by statute, not reviewable. See K.S.A. 2016 Supp. 21-6820(c); *State v. Huerta*, 291 Kan. 831, Syl. ¶ 3, 247 P.3d 1043 (2011).

Ketley then filed a habeas corpus motion attacking his sentence based on ineffective assistance of counsel both at sentencing and on appeal. The district court dismissed the motion because it found that Ketley did not suggest anything that his trial counsel should have done but didn't. The district court also found that Ketley did not identify an issue that should have been raised on appeal but wasn't. Ketley has appealed to our court, arguing that it was improper for the district court to dismiss his petition without first giving him an evidentiary hearing.

ANALYSIS

Our court independently reviews a summary dismissal of a K.S.A. 60-1507 motion, without any required deference to the district court. We must determine whether the motion, files, and records of the case conclusively show the movant is entitled to no relief. *Holt v. State*, 290 Kan. 491, 495, 232 P.3d 848 (2010) (citing *Trotter v. State*, 288 Kan. 112, 132, 200 P. 3d 1236 [2009]).

3

The Kansas Supreme Court has held district courts have three options when considering a K.S.A. 60-1507 motion:

> "(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing. [Citation omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

Here, the district court determined that the first option applied and summarily dismissed Ketley's motion without a preliminary or full evidentiary hearing.

To obtain an evidentiary hearing, the movant's claims must be based on more than mere conclusory statements. In addition, evidence to support the claims must be cited in the motion or otherwise appear in the court record. *Holt*, 290 Kan. at 495. But a district court cannot deny a K.S.A. 60-1507 motion when it alleges facts—even if they are not in the original record—that, if true, would entitle the movant to relief. *State v. Holmes*, 278 Kan. 603, 629, 102 P.3d 406 (2004).

We reviewed Ketley's motion and the court record of his case. We too conclude that he is not entitled to relief and his allegations do not justify an evidentiary hearing because he does not assert new facts that raise a substantial issue.

Ketley's motion failed to identify what his counsel should have done differently. He generally argued that Osburn should have obtained a plea bargain that would have given him probation or convinced the court to give him probation at sentencing. Ketley has made no showing that his attorney was ineffective at the plea-bargaining stage. See

4

*Seward v. State*, No. 115,841, 2017 WL 948129, at *3 (Kan. App. 2017) (unpublished opinion). Because the State is not required even to offer a plea bargain, it's hard to see what Osburn could have done to force a better deal. If there is some answer to that, Ketley has not provided it. Nor has he pointed to any failure by his attorney at the sentencing hearing.

Ketley's petition claims that Osburn's "failed actions" are evident in the transcripts. But within the only relevant transcript, the transcript of Ketley's sentencing hearing, we find that the district court commended Osburn for presenting a departure motion seeking probation, rather than prison, that was "very logical and very moving."

It's true that even though Osburn presented the motion and a supportive psychological evaluation, the district court still sentenced Ketley to 98 months in prison. But the result was not the fault of Ketley's attorney. Let's consider the context for Ketley's sentencing. He had first been arrested for felony possession of marijuana with the intent to sell it. After he posted bond, he immediately committed an even more serious offense—possession of marijuana with the intent to sell it *near a school*. The court commented that one reason it sent Ketley to prison rather than probation was that Ketley had committed a more serious crime while on felony bond after his initial arrest.

We also note that there is support in the record for a conclusion that Osburn's argument was at least somewhat effective. The State had proposed that the district court give Ketley a 196-month sentence, making each sentence consecutive to one another rather than concurrent. But the district court rejected that request.

As for Ketley's claim that his appellate counsel let him down, there were no issues for that attorney to bring up because his sentence was not appealable. By law, appellate courts do not review presumptive sentences. See K.S.A. 2016 Supp. 21-6820(c); *Huerta*, 291 Kan. 831, Syl. ¶ 3. The Kansas Supreme Court dismissed the appeal because Ketley

5

received a presumptive sentence. Ketley's counsel had no good argument to make, and Ketley hasn't suggested otherwise.

In sum, Ketley already faced a presumptive prison sentence for the crime he initially committed. But then—while on felony bond pending trial—he committed a second crime that was more serious than the first one. He blames the resulting prison sentence on his attorneys, but he has not pointed to any specific thing either his trial or appellate attorney could have done to obtain a better sentence. We therefore agree with the district court that Ketley did not make a sufficient showing to be entitled to an evidentiary hearing.

The district court's judgment is affirmed.