NOT DESIGNATED FOR PUBLICATION

No. 122,729

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

LOUIS G. TRESTER,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed May 14, 2021. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before MALONE, P.J., ATCHESON, J., and BURGESS, S.J.

PER CURIAM: Louis G. Trester appeals the district court's summary dismissal of his K.S.A. 60-1507 motion as time-barred. Having determined that the appellate record establishes that summary dismissal of Trester's K.S.A. 60-1507 motion was proper, we affirm the district court.


FACTUAL AND PROCEDURAL BACKGROUND

On May 6, 2015, a jury convicted Trester of indecent solicitation of a child. Thereafter, the district court sentenced Trester to 76 months' imprisonment followed by

lifetime postrelease supervision. Trester appealed his indecent solicitation of a child conviction to this court, arguing that the district court erred by admitting certain evidence under K.S.A. 2015 Supp. 60-455 at his trial. This court determined that Trester's argument was not properly before it because Trester's trial counsel failed to lodge a contemporaneous objection to the disputed evidence when it was admitted at trial. *State v. Trester*, No. 114,560, 2016 WL 5867241, at *2 (Kan. App. 2016) (unpublished opinion). Our Supreme Court denied Trester's petition for review on June 20, 2017.

More than 11 months later, on June 6, 2018, Trester filed a motion with the district court in which he requested an extension of time to file a K.S.A. 60-1507 motion. In his motion, Trester recognized that K.S.A. 2020 Supp. 60-1507(f)(1)(A) required him to file a K.S.A. 60-1507 motion within one year of the Kansas Supreme Court's denial of his petition for review. In spite of this, Trester asserted that the district court should extend the one-year deadline because his appellate counsel did not tell him about our Supreme Court's denial of his petition for review until May 21, 2018. In support of this assertion, Trester attached a letter dated May 16, 2018, from his appellate counsel, which acknowledged that he failed to notify Trester of the Supreme Court's denial of his petition for review when it happened. This letter advised Trester that "[i]f [he] ha[d] any post appeal motions [that he] wish[ed] to pursue, such as a petition under K.S.A. 60-1507, [he] should do so immediately because the deadline for doing so [was] next month."

On June 11, 2018, the district court issued an order denying Trester's motion because Trester still had time to  file a K.S.A. 60-1507 motion under subsection (f)(1)(A). In its order, the district court also explained to Trester that should he ultimately file a K.S.A. 60-1507 motion, he could argue that consideration of his untimely motion was necessary to prevent manifest injustice as defined under K.S.A. 60-1507(f)(2).

Trester did not file a K.S.A. 60-1507 motion until October 30, 2019. In this pro se motion, Trester alleged that his trial counsel had provided ineffective assistance of

2

counsel in several ways. As for his failure to file his K.S.A. 60-1507 motion within a year of the denial of his petition for review, Trester's only argument that subsection (f)(1)(A)'s one-year deadline should be extended in his case was that his "[a]ppellate [a]ttorney failed to contact [him] until 11 months" after the Supreme Court had denied his petition for review.

The district court summarily dismissed Trester's K.S.A. 60-1507 motion as untimely. In doing so, the district court rejected Trester's argument that his appellate counsel's failure to immediately notify him about the denial of his petition for review created manifest injustice entitling him to an extension of K.S.A. 2020 Supp. 60-1507(f)(1)(A)'s one-year deadline:

> "Movant claims that his appellate counsel did not contact him for 11 months after his petition for review was denied in his criminal case (14CR1985) as a reason for his failure to comply with the statutory time limitations. However, defendant filed a motion in his criminal case (14CR1895) seeking an extension of time to file a motion pursuant to K.S.A. 60-1507. The motion was heard within the statutory time limits for the filing of a motion pursuant to K.S.A. 60-1507 and movant was informed that he could allege specific reasons for filing outside of the time limitations when he filed a motion pursuant to K.S.A. 60-1507 . . . . No explanation is offered as to why movant then waited approximately 17 months to file a motion pursuant to K.S.A. 60-1507. Complaints of ineffective assistance of counsel could have and should have been made within the time limitations and defendant offers no explanation for the delay in filing after the June 2018 hearing in his criminal case."

The court also noted that summary dismissal of Trester's K.S.A. 60-1507 motion was proper because Trester never argued that he was entitled to an extension of subsection (f)(1)(A)'s one-year deadline by claiming actual innocence. See K.S.A. 2020 Supp. 60-1507(f)(2)(A).

3

After the district court summarily dismissed his K.S.A. 60-1507 motion, Trester timely filed a notice of appeal with this court. Later, the district court appointed counsel to represent him on this appeal.

## ANALYSIS

This court exercises de novo review when considering a prisoner's challenge to the district court's summary dismissal of his or her K.S.A. 60-1507 motion. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018). If the motion, files, and records of a prisoner's case conclusively establish that the prisoner is not entitled to relief under K.S.A. 60-1507, this court will uphold the summary dismissal of that prisoner's K.S.A. 60-1507 motion. 308 Kan. at 293.

K.S.A. 2020 Supp. 60-1507(a) allows prisoners to collaterally attack their sentence in certain situations so long as the prisoner complies with "the time limitations imposed by subsection (f)." K.S.A. 2020 Supp. 60-1507(f)(1)(A) states that prisoners moving for relief under K.S.A. 60-1507 must do so "within one year of . . .[t]he final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction."

Because it is undisputed that Trester filed his K.S.A. 60-1507 motion outside of subsection (f)(1)(A)'s one-year deadline, our inquiry hinges on Trester's compliance with K.S.A. 60-1507(f)(2), which lists an exception to the preceding rule. This exception provides that subsection (f)(1)(A)'s one-year deadline "may be extended by the court only to prevent manifest injustice." K.S.A. 2020 Supp. 60-1507(f)(2). Subsection (f)(2)(A) further provides that when considering whether a prisoner has established manifest injustice, both the district court's and this court's inquiry is "limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2020 Supp. 60-

4

1507(f)(2)(A). As used in subsection (f)(2)(A), "the term actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2020 Supp. 60-1507(f)(2)(A).

On appeal, Trester does not challenge the district court's denial of his motion to extend his time to file his K.S.A. 60-1507 motion as premature. Instead, he makes two arguments regarding the K.S.A. 60-1507 motion that he ultimately filed. First, he argues that his underlying complaints in his untimely K.S.A. 60-1507 motion about his trial counsel's performance entitled him to an evidentiary hearing on his motion. Second, he argues that the district court erred by summarily dismissing his untimely K.S.A. 60-1507 motion because a liberal reading of his motion established that the district court must consider it to prevent manifest injustice. In making his second argument, Trester contends that although he "did not explicitly acknowledge the 'manifest injustice' requirement" in his K.S.A. 60-1507 motion, he did explain that he was filing his motion more than a year after his petition for review was denied because his appellate attorney failed to notify him of the denial of his petition for review for 11 months. Additionally, Trester contends that although he "did not explicitly use some variant of the words 'actual innocence'" in his K.S.A. 60-1507 motion, he effectively made a claim of actual innocence through his complaints about his trial counsel's performance.

The State responds that this court need not consider Trester's first argument that his underlying complaints about his trial counsel's performance entitled him to an evidentiary hearing. The State asserts that Trester has failed to establish that consideration of his untimely K.S.A. 60-1507 motion was necessary to prevent manifest injustice as defined under K.S.A. 2020 Supp. 60-1507(f)(2). The State argues that the district court lacked the statutory authority to consider Trester's underlying complaints about his trial counsel's performance because his motion was time-barred.

The State's argument is correct. As the party seeking relief under K.S.A. 60-1507, Trester has the burden to prove that his motion warranted an evidentiary hearing. *Holt v. State*, 290 Kan. 491, 495, 232 P.3d 848 (2010). Trester has acknowledged that his motion "did not explicitly acknowledge the manifest injustice requirement." He has not produced any substantial evidence to support his claims and has effectively conceded that his motion does not address the issue of manifest injustice. In entering its ruling, the district court emphasized that Trester waited 17 months to file his motion after receiving notice from his appellate attorney that his petition for review had been denied without any explanation why. The district court did not err in in finding Trester's motion was time-barred and summarily dismissing the motion.

In his brief, Trester suggests that the district court's denial of his June 27, 2018 motion for transcripts is evidence that he could not possibly file his K.S.A. 60-1507 motion within the statute's one-year deadline. The record does not support this contention. The record on appeal reflects that after the district court denied Trester's pro se request for transcripts, on June 28, 2018, his appointed appellate counsel was able to request transcripts on his behalf. Trester never alleged in his motion that his failure to timely file was related to his inability to obtain transcripts. Because Trester did not make this argument before the district court, he cannot make this argument for the first time on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014) (holding that absent some exception, issues not raised before the district court cannot be raised for the first time on appeal).

Trester provides no substantive evidence or any explanation at all why it took him more than 17 months after the district court denied his time-extension motion on June 11, 2018, to file his pro se K.S.A. 60-1507 motion on October 30, 2019. To establish manifest injustice as meant under K.S.A. 2020 Supp. 60-1507(f)(2)(A) Trester needed to provide a plausible explanation why it took him more than 17 months following the district court's denial of his time-extension motion to file his motion. Given Trester's

6

failure to provide such a plausible explanation, we have no difficulty concluding that the district court's summary dismissal of Trester's K.S.A. 60-1507 motion as time-barred was appropriate. We need not consider whether Trester's underlying complaints in his K.S.A. 60-1507 motion about his trial counsel's performance entitled him to an evidentiary hearing on his motion.

Affirmed.