NOT DESIGNATED FOR PUBLICATION

No. 128,568

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CHRISTOPHER M. TROTTER,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; AARON T. ROBERTS, judge. Submitted without oral argument. Opinion filed February 13, 2026. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Kirstyn D. Malloy*, assistant district attorney, *Mark A. Dupree*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before WARNER, C.J., HURST and BOLTON FLEMING, JJ.


PER CURIAM: Christopher M. Trotter appeals the district court's summary dismissal of his K.S.A. 60-1507 motion. Trotter was convicted of first-degree premeditated murder, capital murder, aggravated robbery, and conspiracy to commit aggravated robbery. Trotter was sentenced to two, concurrent life sentences without the possibility of parole for 50 years (hard-50), a 79-month sentence for his aggravated robbery conviction, and a 32-month sentence for his conspiracy to commit aggravated robbery conviction. The Kansas Supreme Court affirmed his convictions on direct appeal. *State v. Trotter*, 280 Kan. 800, 800-03, 127 P.3d 972 (2006). 0

1

Trotter filed his first K.S.A. 60-1507 motion in 2007. The district court summarily denied the motion, and Trotter appealed. The Kansas Supreme Court found Trotter's appellate counsel was ineffective in failing to raise the issue of multiplicity. The court reversed Trotter's first-degree murder conviction, concluding it was multiplicitous with his capital murder conviction, but rejected Trotter's additional arguments. See *Trotter v. State*, 288 Kan. 112, 131, 139, 200 P.3d 1236 (2009).

Trotter then filed a habeas petition in federal court. The federal district court also denied relief. *Trotter v. McKune*, No. 09-3076-WEB, 2010 WL 750248, at *9 (D. Kan. 2010) (unpublished opinion).

In 2010, Trotter filed a motion to correct an illegal sentence under K.S.A. 22-3504, alleging a defective complaint deprived the district court of jurisdiction. The district court rejected his argument, and the Kansas Supreme Court affirmed. *State v. Trotter*, 296 Kan. 898, 898-99, 295 P.3d 1039 (2013).

Trotter filed a second K.S.A. 60-1507 motion in 2013. In that motion, Trotter argued his hard 50 sentence was unconstitutional under *Alleyne v. United States*, 570 U.S. 99, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013). The district court denied relief, concluding Alleyne did not retroactively apply. The Court of Appeals affirmed. *Trotter v. State*, No. 112,446, 2017 WL 462164, at **1, 4 (Kan. App. 2017) (unpublished opinion).

In 2017, Trotter filed a motion for sentence modification under K.S.A. 21-6628(c), arguing his hard-50 sentence was unconstitutional and required modification. The district court denied his motion and the Kansas Supreme Court affirmed. *State v. Trotter*, 313 Kan. 365, 485 P.3d 649 (2021).

Trotter filed his third K.S.A. 60-1507 on April 6, 2023. He alleged actual innocence, ineffective assistance of counsel, lack of timely notice of aggravating

circumstances under K.S.A. 21-4624(c) (Torrence 2007), and lack of district court jurisdiction due to a defective complaint and notice. Trotter amended his argument to add that the district court lacked jurisdiction to sentence him due to the State's untimely notice of aggravating circumstances.

On July 19, 2023, the district court denied Trotter's motion because it was "both successive and untimely." The district court noted that under K.S.A. 60-1507(f)(1), the motion before the court was beyond the one-year limit. The court further noted "[this] court does have the discretion to extend the one-year limit to prevent manifest injustice. [K.S.A.] 60-1507(f)(2). Nowhere in his petition does Plaintiff make an argument concerning manifest injustice to excuse his late filing." The district court acknowledged that Trotter was making a claim of actual innocence but held "our Supreme Court has fully considered his various arguments on appeal and has ruled against him conclusively." The district court then found that the "Supreme Court has also ruled that courts are not required to entertain second or successive motions for similar relief by the same prisoner absent a showing of exceptional circumstances. K.S.A. 60-1507(c); *Holt v. State*, 290 Kan. 491, 495, 232 P. 3d 848 (2010)[;] Supreme Court Rule 183(c)." The district court found Trotter made no argument concerning exceptional circumstances. It also found that the arguments within the third K.S.A. 60-1507 motion "are essentially identical to those made in his prior motions. Those arguments were ruled upon conclusively in the State's favor by the courts." The district court concluded, "plaintiff is barred from relief, both because he has filed out of time and because it is successive."

After a thorough review of the record, we agree with the district court's decision to summarily deny Trotter's motion. Trotter's motion was untimely as it was filed outside the one-year limitation found in K.S.A. 60-1507(f)(1), and Trotter failed to demonstrate manifest injustice as defined in K.S.A. 60-1507(f)(2)(A). We also agree with the district court that Trotter's third K.S.A. 60-1507 motion was successive, and Trotter did not show exceptional circumstances to allow his successive filing. See K.S.A. 2022 Supp. 60-

3

1507(c) and Supreme Court Rule 183(d) (2025 Kan. S. Ct. R. at 237). We find the district court committed no reversible error in denying Trotter's third K.S.A. 60-1507 motion. The written order filed by the district court adequately explains the reasons for its decision.

Affirmed under Supreme Court Rule 7.042(b)(5) (2025 Kan. S. Ct. R. at 49).