NOT DESIGNATED FOR PUBLICATION

No. 115,053

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MALCOM K. GLOVER,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Douglas District Court; PEGGY C. KITTEL, judge. Opinion filed December 23, 2016. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Kate Duncan Butler*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., PIERRON and HILL, JJ.

*Per Curiam*: Malcolm K. Glover was convicted of one count of aggravated robbery and one count of aggravated assault. The district court sentenced him to 233 months' imprisonment. Glover filed a K.S.A. 60-1507 alleging his trial counsel provided ineffective assistance by presenting a guilt-based defense against his wishes. The district court summarily denied his motion, and Glover appeals.

On February 29, 2008, a jury convicted Glover of aggravated robbery and aggravated assault. The Kansas Court of Appeals affirmed his convictions in *State v. Glover*, No.

1

101,418, 2010 WL 1078442 (Kan. App. 2010) (unpublished opinion). The following facts are taken directly from the Court of Appeals opinion:

"When Chad Hooks and Glover entered the apartment of Ryan Paulson and James Schoof on September 15, 2007, Glover struck Schoof in the face with a pistol. Glover went to the back of the apartment, found Paulson in the bathroom, and struck Paulson's head repeatedly with his pistol. Glover and Hook demanded marijuana.

"Paulson took Hooks and Glover to his bedroom and showed them where he kept the marijuana. After taking the marijuana and Schoof's Xbox 360, Hooks and Glover fled the apartment. Paulson noticed that a Bible containing $300 was missing.

"Although Paulson had a bleeding head wound, he removed marijuana seeds from the apartment before Schoof drove him to the hospital. While at the hospital, Paulson told police that Hooks and Glover assaulted him and took approximately $300 in cash.

"About 3 weeks prior to trial, Paulson contacted the police and admitted that Glover, in addition to taking $300 in cash, stole marijuana valued at nearly $2500.

"The State charged Glover with aggravated burglary, aggravated robbery of Schoof, and aggravated robbery of Paulson. The aggravated robbery charge of Paulson, Count 1, stated:

'That on or about the 15th day of September, 2007, in Douglas County, Kansas, one Malcolm K Glover, did then and there unlawfully and feloniously take property, to wit: *U.S. Currency*, from the person or presence of Ryan C Paulson by threat of bodily harm or by force while armed with a dangerous weapon, to wit: pistol, all in violation of K.S.A. 21–3427. (Aggravated Robbery, Non Drug/Level 3/Person/Felony).' (Emphasis added.)

"At trial, Paulson admitted that he initially told the police Glover only took money from his apartment; however, he later changed his story and admitted that Glover also took the marijuana. Paulson testified that he originally lied about the marijuana because he was on probation and feared the State would prosecute him for selling marijuana.

"At the close of the State's case, the State orally moved to amend Count 1 to add marijuana to the property that was stolen. The State argued that the amendment merely conformed to the evidence presented at trial. Glover objected to the amendment, claiming it would prejudice his defense. The district court allowed the amendment, holding that the amended information merely conformed to the evidence presented at trial and did not prejudice the defense.

2

"The jury convicted Glover of aggravated robbery [of Paulson] and aggravated assault [of Schoof]. Prior to sentencing, Glover filed a motion for a new trial, asserting that the district court prejudiced his substantial rights by allowing the State to amend the information. In Glover's opening statement, he denied taking the money but admitted taking marijuana from Paulson under circumstances that did not constitute robbery. Thus, Glover argued that his defense and cross-examination of the State's witnesses centered on building reasonable doubt concerning whether he took the money, not whether he took the marijuana.

. . . .

"The district court denied Glover's motion, stating that the amended information conformed to the evidence, was not a surprise, and did not prejudice Glover.

"On April 17, 2008, the district court dismissed the aggravated assault conviction at the State's request and sentenced Glover to a standard term of 233 months' incarceration, with 36 months' postrelease supervision for aggravated robbery." *Glover*, 2010 WL 1078442, at *1-2.

On June 1, 2011, Glover filed a K.S.A. 60-1507 motion along with a memorandum in support of his motion. He alleged his trial attorney, James George, provided ineffective assistance of counsel by asserting a guilt-based defense against Glover's wishes. According to the motion, George's defense theory had been "the false assertion that [Glover] was guilty of a lesser culpability by taking only money, not drugs, from Paulson." Glover argued the Kansas Supreme Court's holding in *State v. Carter*, 270 Kan. 426, Syl. ¶ 4, 14 P.3d 1138 (2000), required that the district court presume prejudice and reverse his conviction.

On June 1, 2012, the State filed a motion to dismiss Glover's motion. The State argued he was not entitled relief because he had not voiced his dissatisfaction with counsel at any time on the record and the record did not provide any other basis for relief. Furthermore, the State argued, George had not presented a guilt-based defense at trial. Glover filed a response and argued that Glover was not required to voice his dissatisfaction on the record and that George's admission that Glover was present at the scene of the crime constituted a guilt-based defense.

3

On March 19, 2014, the district court summarily dismissed Glover's motion. The court found that Glover bore the burden of providing something in the record that supported his claim, but he had failed to do so. Glover had not expressed his dissatisfaction with George either during trial or when the court appointed new counsel to argue his motion for a new trial. The court found George had not presented a guilt-based defense at trial, because his focus at trial had been on damaging Paulson's credibility. The court also noted that at the motion for a new trial, Glover argued that had he known the State was going to charge him based on taking the marijuana, his defense would have been that he had gone to Paulson's to collect on a drug debt. In ruling on that motion, the court found that was essentially the same defense as the one presented at trial.

The district court further noted that Glover was essentially raising the same issues he had raised in his direct appeal—that had he known he was going to be charged based on taking the marijuana—he would have used a different defense strategy at trial. The court found that overall, George's performance was not deficient under an objective standard of reasonableness. George obtained acquittals on one count of aggravated robbery and one count of aggravated burglary. He objected to the State's motion to amend at trial and filed a motion for new trial based on the amendment. Based on these reasons, the court denied Glover's motion. Glover appeals.

Glover argues the district court erred in summarily denying his K.S.A. 60-1507 motion. He asserts that the court cannot deny his motion based on his failure to express his dissatisfaction with George's trial strategy because any discussion of theories of defense would not be on the record. He further contends the court's appointment of an attorney to write his motion strongly suggests he presented a substantive issue of law or fact requiring an evidentiary hearing. He does not address the court's finding that George did not present a guilt-based defense.

4

The State contends the district court did not err because the record conclusively shows Glover is not entitled to relief. First, the record does not indicate that Glover ever objected to the theory of defense at trial or during his motion for a new trial. Second, the record does not indicate that George used a guilt-based defense at trial. Third, appointment of counsel for a 60-1507 motion does not demonstrate that a substantial issue exists.

When handling a K.S.A. 60-1507 motion, a district court has three options:

"' (1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citations omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

The standard of review depends upon which of these options a district court uses. 300 Kan. at 881. In this case, the district court summarily denied Glover's motion. When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. 300 Kan. at 881.

To avoid the summary denial of a motion brought under K.S.A. 60-1507, a movant bears the burden of establishing entitlement to an evidentiary hearing. To meet this burden, a movant's contentions must be more than conclusory, and either the movant must set forth an evidentiary basis to support those contentions or the basis must be evident from the record. If such a showing is made, the district court is required to hold a hearing unless the motion is a "second" or "successive" motion seeking similar relief. *Sola-Morales*, 300 Kan. at 881 (citing *Holt v. State*, 290 Kan. 491, 495, 232 P.3d 848 [2010]; see *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 [2015]).

5

Because Glover is arguing ineffective assistance of counsel, the legal standard for effective counsel governs whether he is entitled to an evidentiary hearing. *Sola-Morales*, 300 Kan. at 881-82. To prevail on his claim, Glover must establish (1) that the performance of counsel was deficient under the totality of the circumstances, and (2) prejudice, *i.e.*, that there is a reasonable probability the jury would have reached a different result absent the deficient performance. *Sola-Morales*, 300 Kan. at 882 (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 [1984]).

Glover argues the district court's appointment of an attorney suggests he presented a substantive issue of law or triable issue of fact. Under Supreme Court Rule 183(i) (2015 Kan. Ct. R. Annot. 271), if a 60-1507 motion presents a substantial question of law or triable issue of fact, the district court must appoint an attorney if the movant is indigent. As the State points out, Glover does not provide any authority that the district court may *only* appoint an attorney if a 60-1507 motion presents substantive issues. Additionally, district courts have appointed attorneys in cases which did not in fact have substantive or triable issues. See *Robertson v. State*, 288 Kan. 217, 232, 201 P.3d 691 (2009) (noting that even though district court appointed counsel and held a nonevidentiary hearing, the district court could have summarily dismissed 60-1507 motion because there were no substantial legal issues or triable issues of fact). Ultimately, though, this argument is meritless given that this court has de novo review. Because this court can review the motions, files, and records to determine if the movant has presented substantive issues, there is no need to consider the implications of the district court's actions in appointing or failing to appoint an attorney.

In his motion, Glover argues George presented a guilt-based defense against his wishes, and he likens his case to *State v. Carter*, 270 Kan. 426, 14 P.3d 1138 (2000). The State charged Jerome Carter alternatively with premeditated first-degree murder or felony murder. Carter wished to assert his innocence at trial. Defense counsel's strategy, however, was to direct the jurors toward the lesser charge of felony murder by conceding Carter's

involvement in the murder but contesting premeditation. After jury selection, defense counsel presented Carter's dissatisfaction with this defense strategy to the district court. Additionally, Carter expressed his dissatisfaction with defense counsel and his chosen defense theory several times throughout the trial.

On direct appeal of his convictions, Carter argued the exception recognized in *United States v. Cronic*, 466 U.S. 648, 658-59, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984), applied to his ineffective assistance claim, and he did not have to demonstrate prejudice. *Carter*, 270 Kan. at 434-35. The Kansas Supreme Court agreed, finding defense counsel "abandoned his client, and the result was a breakdown in our adversarial system of justice." 270 Kan. at 441. According to the court, defense counsel's conduct was inherently prejudicial, and Carter did not need to make a separate showing of prejudice. 270 Kan. at 441.

If George did in fact present a guilt-based defense, Glover may be entitled to an evidentiary hearing. In *Edgar v. State*, 294 Kan. 828, 283 P.3d 152 (2012), our Supreme Court found that the defendant's allegations that his attorney's purported concession of guilt during closing argument contravened agreed-upon defense strategy and presented a factual issue which could not be resolved without an evidentiary hearing. 294 Kan. at 839. As the *Edgar* court noted, while trial strategy is generally within the purview of defense counsel's professional judgment, counsel still has a duty to make an informed decision based on investigation, and consult with his or her client regarding important decisions, such as overarching defense strategy. 294 Kan. at 839. See also *Martin v. State*, No. 93,615, 2006 WL 3479019, at *5 (Kan. App. 2006) (unpublished opinion) (finding district court erred in denying 60-1507 motion without holding evidentiary hearing to determine if trial counsel presented guilt-based defense against defendant's wishes).

George did not present a guilt-based defense. While Glover does not specify this in his motion, it is apparent from the record that George presented the contested defense strategy during opening argument. Admittedly, the transcript of Glover's trial does not

include opening statements or closing arguments. In a motion for additional time to file a response to Glover's 60-1507, the State said it had ordered a transcript of opening statement and closing argument. The State does not reference opening or closing in its motion to dismiss Glover's motion. The district court does not reference opening or closing statements in its order. In his motion, however, Glover claims George asserted "lesser culpability" by admitting Glover had taken certain property from Paulson and "inform[ed] the [j]ury that [Glover] participated in the crime, but was only guilty of certain elements of the charges against him."

Glover's allegation is consistent with the other characterizations of George's defense theory in the record. As George stated in the motion for a new trial that he drafted for Glover: "On opening statement, defense counsel informed the jury [Glover] did not take any U.S. [c]urrency from Ryan Paulson but only took marijuana under circumstances that did not constitute a robbery." At the motion for a new trial, both the State and the district court characterized George's defense theory as reclamation of property. Accepting Glover's allegations as an accurate description of George's defense, the defense was not guilt-based. George told the jury that Glover committed one of the elements of robbery by taking the marijuana, but George did not concede Glover's guilt to the actual charge. See, *e.g.*, *State v. Williams*, 299 Kan. 1039, 1048, 329 P.3d 420 (2014) (distinguishing counsel's argument that defendant's participation in crime was morally and ethically wrong but not legally wrong from *Carter*); *Ballard v. State*, No. 109,768, 2014 WL 2224649, at *5 (Kan. App. 2014) (unpublished opinion) (self-defense is not guilt-based defense).

Moreover, in the record we do have, George does not expressly concede the presence of Glover at the scene of the crime. George only refers to the perpetrators of the crime as "individuals" or "the person" while cross-examining one of the State's witnesses. While cross-examining other witnesses, he only used Glover's name in reference to Paulson's testimony or written statement. The State also argues that a jury question regarding the meaning of "presence" in a jury instruction also demonstrates George did not admit Glover

8

was at the scene of the incident. This question was actually about the meaning of presence regarding the robbery charge involving Schoof. Schoof had already left the residence when his Xbox was allegedly stolen, so there was a question as to whether it was taken from his presence.

In his motion, Glover also alleges George "failed to perform any pre-trial investigation or any other meaningful adversarial testing of the State's charges." Glover does not provide any evidentiary basis for these claims, rendering them nothing more than conclusory remarks.

Even if Glover's allegations that George presented a defense he disapproved of raises substantive issues, Glover must still establish this deficiency caused prejudice before he is entitled to a remand. See *Edgar*, 294 Kan. at 844 (finding when defendant raises triable issue of fact as to deficient performance, appellate court must determine prejudice before remanding for evidentiary hearing). If the record conclusively establishes George's performance did not prejudice Glover, his claim fails, and there is no need for a remand. Glover argues he does not need to demonstrate prejudice because he is entitled to the *Cronic* exception based on the ruling in *Carter*, 270 Kan. 426, but the circumstances of his case suggest otherwise.

The Kansas Supreme Court has identified three categories of ineffective assistance of counsel claims, two of which are relevant here. The first category includes claims that counsel's performance was so deficient it denied the defendant a fair trial. *Sola-Morales*, 300 Kan. at 882 (citing *State v. Galaviz*, 296 Kan. 168, 181, 291 P.3d 62 [2012]). Such claims are subject to the *Strickland* standard recited above. The second category includes claims that an attorney's performance completely denied the defendant assistance of counsel or denied it at a critical stage of the proceedings. In these cases, the court may presume prejudice, *i.e.*, the defendant does not need to show a probable effect on the outcome of the proceeding. This is known as the *Cronic* exception. *Sola-Morales*, 300 Kan. at 883.

9

As the State points out, the holding in *Carter* was also called into doubt by *Edgar*. The *Edgar* court noted two United States Supreme Court cases which declined to apply the *Cronic* exception despite counsel's concession of guilt during the sentencing phase of a capital case. *Edgar*, 294 Kan. at 842 (citing *Florida v. Nixon*, 543 U.S. 175, 125 S. Ct. 551, 160 L. Ed. 2d 565 [2004], and *Bell v. Cone*, 535 U.S. 685, 122 S. Ct. 1843, 152 L. Ed. 2d 914 [2002]). In *Bell*, the U.S. Supreme Court clarified that defense counsel must entirely fail to subject the State's case to any meaningful adversarial testing in order for the *Cronic* exception to apply. *Bell*, 535 U.S. at 697. Nonetheless, the *Edgar* court declined to revisit *Carter* because neither party had argued for application of the *Cronic* exception. *Edgar*, 294 Kan. at 843.

As noted above, George did not use a guilt-based defense at trial, and the record indicates George's representation was not a complete failure to subject the prosecution's case to meaningful adversarial testing. He focused on damaging Paulson's credibility, as the robbery charge involving Paulson had the most evidentiary support. He also moved for an acquittal on one charge, and moved for a new trial when the State amended the complaint. Additionally, George secured an acquittal on one of Glover's charges and a conviction on a lesser included offense on another.

Because George's representation was not a complete concession of guilt, nor did his conduct demonstrate a complete failure to put the State to its proof, Glover is not entitled to the *Cronic* exception. In order to prevail on his claim, he must demonstrate prejudice under the *Strickland* standard. Because of his complete reliance on *Carter* and the *Cronic* exception, however, he did not argue prejudice in his motion. This arguably fails to meet the pleading requirements for a 60-1507 motion.

Moreover, based on the evidence presented at trial, Glover likely would not have been able to establish prejudice. Both Schoof and Paulson positively identified Glover in the

10

courtroom, and both testified he was carrying a black pistol. Paulson had known Glover prior to the incident, and was able to identify him by name in the police report. Paulson's story that Glover had hit him with a gun was corroborated by his injuries, which included the "distinct mark of a guard from a pistol" on his forehead. There was also blood in the bathroom and on the carpet in Paulson's bedroom. Paulson testified that Glover and Hook had taken both low-grade and high-grade marijuana from his room as well as $300 in cash. The police later found two baggies of marijuana and $300 in Hook's residence. George did not present any evidence at trial, and Glover does not assert that there is any evidence to present in his defense.

The district court did not err in summarily denying Glover's K.S.A. 60-1507 motion. George did not present a guilt-based defense, so Glover is not entitled to the *Cronic* exception. Even if George's performance could be considered deficient, Glover cannot demonstrate prejudice. Therefore, Glover is not entitled to relief, and the district court is affirmed.

Affirmed.