NOT DESIGNATED FOR PUBLICATION

No. 115,479

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DANIEL E. WALKER,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL GROSKO, judge. Opinion filed September 22, 2017. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant, and *Daniel Walker*, appellant pro se.

*Adam Sokoloff*, assistant district attorney, *Mark A. Dupree, Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GREEN, P.J., BUSER and LEBEN, JJ.


PER CURIAM:  Daniel E. Walker appeals from the trial court's summary denial of his K.S.A. 60-1507 motion. The trial court denied Walker's motion as untimely and successive and ruled that no evidentiary support for the motion existed. On appeal, Walker concedes that his current K.S.A. 60-1507 motion is the second K.S.A. 60-1507 motion that he has filed and that his current K.S.A. 60-1507 motion was filed untimely. Walker argues, however, that we should excuse those procedural defects because *State v. Brown*, 295 Kan. 181, 284 P.3d 977 (2012), provided a new development in Kansas courts' alternative means analyses that was not available when his conviction became final or when he filed his first K.S.A. 60-1507 motion. Nevertheless, *Brown* does not

1

constitute an intervening change in law excusing the successiveness of his motion. Nor does the analysis from *Brown* indicate that the untimeliness of Walker's motion should be excused to avoid manifest injustice. Accordingly, we affirm the trial court's summary denial of Walker's K.S.A. 60-1507 motion.

On January 31, 2006, Daniel Eugene Walker was charged with one count of aggravated robbery in Wyandotte County. On May 16, 2006, a jury convicted Walker of aggravated robbery. On June 23, 2006, Walker was sentenced to 228 months' imprisonment.

Walker appealed his conviction to this court. On appeal, the following factual background was established:

"Walker was apprehended after he was identified in a photo lineup by the victim of a street robbery and beating in Kansas City. Walker was charged with aggravated robbery in violation of K.S.A. 21-3427. During his incarceration, Walker made incriminating statements to a detective and in two recorded phone calls to a third party. At trial, he asserted an alibi defense, but the jury found him guilty as charged. He was sentenced to 228 months' imprisonment, the high number in the applicable grid box." *State v. Walker*, No. 97,213, 2008 WL 440741, at *1 (Kan. App. 2008) (unpublished opinion).

Walker's conviction and sentence were affirmed on appeal. This court's unpublished opinion was filed February 15, 2008, and its mandate to the trial court was issued September 23, 2008.

On September 11, 2009, Walker filed his first K.S.A. 60-1507 motion. The trial court held an evidentiary hearing on January 27, 2010. The trial court denied Walker's motion and he appealed to this court. On appeal, this court affirmed the trial court's denial of Walker's motion. Particularly relevant to Walker's current motion, this court held that "Walker's claim that the information was defective because it alleged the taking was from

2

the victim's presence rather tha[n] from the victim's person fails to raise a jurisdictional issue that should be addressed in a collateral proceeding brought pursuant to K.S.A. 60-1507." *Walker v. State*, No. 105,373, 2012 WL 1237890, at *1 (Kan. App. 2012) (unpublished opinion), *rev. denied* 296 Kan. 1136 (2013).

On April 1, 2014, Walker filed his current K.S.A. 60-1507 motion. In his motion, Walker stated the reasons for his allegation that he was being held unlawfully as (1) an insufficient evidence to convict; (2) an alternative means issue; and (3) a right to a unanimous jury verdict. Walker provided further details for his claims in his memorandum of law in support of his motion. He specifically argued that our Supreme Court's holding in *Brown* showed that his conviction for aggravated robbery presented an alternative means issue. He further argued that because his case presented an alternative means issue, the trial court erred in failing to properly instruct the jury to ensure that it reached a unanimous verdict. Accordingly, Walker asserted that his conviction and sentence should be vacated.

On July 7, 2014, the trial court summarily denied Walker's K.S.A. 60-1507 motion. The court ruled that Walker's motion was untimely as it was filed more than one year after the final disposition of his direct appeal. The court further ruled that Walker had failed to show manifest injustice excusing the untimeliness of his motion. Additionally, the court ruled that Walker's motion was a second or successive motion "seeking relief similar to that which has been previously denied." The court further ruled that Walker had failed to show exceptional circumstances excusing the successiveness of his motion. Finally, the court ruled that Walker's motion was "[w]holly without evidentiary merit."

On April 7, 2015, Walker filed a notice of appeal. Walker's notice of appeal was untimely but was accepted by this court after an order to show cause was issued.

*Did the Trial Court Err in Summarily Denying Walker's K.S.A. 60-1507 Motion?*

A district court has three options when considering a K.S.A. 60-1507 motion:

> "'(1) The court may determine that the motion, files, and case records conclusively show
> the prisoner is entitled to no relief and deny the motion summarily; (2) the court may
> determine from the motion, files, and records that a potentially substantial issue exists, in
> which case a preliminary hearing may be held. If the court then determines there is no
> substantial issue, the court may deny the motion; or (3) the court may determine from the
> motion, files, records, or preliminary hearing that a substantial issue is presented
> requiring a full hearing.' [Citations omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881,
> 335 P.3d 1162 (2014).

The standard of review on appeal depends upon which of the three options the trial court utilizes. 300 Kan. at 881. Here, the trial court summarily denied Walker's motion. When a trial court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts de novo review. The appellate court must determine whether the motion, files, and records of the case definitively establish that the movant is not entitled to relief. 300 Kan. at 881.

To avoid summary denial, a movant bears the burden of showing he or she is entitled to an evidentiary hearing. To make such a showing, the movant's assertions must be more than conclusory, and an evidentiary basis in support of those assertions must be shown by the movant or be apparent in the record. If such a showing is made, the trial court is required to hold a hearing unless the motion is a "second" or "successive" motion seeking similar relief. *Sola-Morales*, 300 Kan. at 881 (citing *Holt v. State*, 290 Kan. 491, 495, 232 P.3d 848 [2010]; see *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 [2015]).

The trial court is not required to entertain a second or successive K.S.A. 60-1507 motion for similar relief on behalf of the same movant. *State v. Trotter*, 296 Kan. 898,

904, 295 P.3d 1039 (2013) (citing K.S.A. 60-1507[c]). "A movant in a K.S.A. 60-1507 motion is presumed to have listed all grounds for relief, and a subsequent motion need not be considered in the absence of a showing of circumstances justifying the original failure to list a ground." 296 Kan. 898, Syl. ¶ 2. See Supreme Court Rule 183(d) (2017 Kan. S. Ct. R. 223) providing:

> "A sentencing court may not consider a second or successive motion for relief by the same movant when:
> (1) the ground for relief was determined adversely to the movant on a prior motion;
> (2) the prior determination was on the merits; and
> (3) justice would not be served by reaching the merits of the subsequent motion."

Even so, a successive motion may be considered, provided exceptional circumstances excuse the movant's failure to bring the claim in an earlier motion. *Holt*, 290 Kan. at 496. "Exceptional circumstances" include "'unusual events or intervening changes in the law which prevent a movant from reasonably being able to raise all of the trial errors in the first post-conviction proceeding.'" *State v. Mitchell*, 297 Kan. 118, 123, 298 P.3d 349 (2013).

Additionally, a movant has one year from when a conviction becomes final to file a K.S.A. 60-1507 motion. K.S.A. 60-1507(f)(1). The one-year filing limitation may be extended by the trial court only to prevent manifest injustice. K.S.A. 60-1507(f)(2). Manifest injustice must be determined from the totality of the circumstances. *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014). To determine whether manifest injustice exists, the court considers the following nonexhaustive list of factors:  (1) whether the movant provides persuasive reasons or circumstances that prevented him or her from timely filing the K.S.A. 60-1507 motion; (2) whether the merits of the movant's claim raise substantial issues of law or fact; and (3) whether the movant sets forth a colorable claim of actual innocence. 299 Kan. 607, Syl. ¶ 8.

5

Effective July 1, 2016, the Legislature amended K.S.A. 60-1507 to address the *Vontress* factors. K.S.A. 2016 Supp. 60-1507(f)(2)(A) now reads:

> "For purposes of finding manifest injustice under this section, the court's inquiry shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence. As used herein, the term of actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence."

Thus, "[t]he revised statute has essentially eliminated the second *Vontress* factor from the manifest injustice consideration." *State v. Tran*, No. 115,813, 2017 WL 3202966, at *5 (Kan. App. 2017) (unpublished opinion). At least one panel from this court has held that the amendment overriding the *Vontress* factors applies retroactively. See *Perry v. State*, No. 115,073, 2017 WL 462659, at *3 (Kan. App. 2017) (unpublished opinion). Still, another panel from this court has held that applying the amendment retroactively when the trial court's ruling predates the amendment's effective date would result in prejudice to the movant. See *Noyce v. State*, No. 114,971, 2017 WL 3112821, at *7 (Kan. App. 2017) (unpublished opinion).

Walker relied on the *Vontress* factors in his K.S.A. 60-1507 motion, which was filed on April 1, 2014. The trial court then summarily denied Walker's motion on July 7, 2014, well before the effective date of the amendment to K.S.A. 60-1507 overriding the *Vontress* factors. Accordingly, as this court did in *Noyce*, we acknowledge that applying K.S.A. 2016 Supp. 60-1507(f)(2)(A) retroactively would prejudice Walker. So, we will consider any manifest injustice argument advanced by Walker through the lens of *Vontress*.

6

Here, the trial court summarily denied Walker's motion as both untimely and successive. Even though we do not owe the trial court any deference, an examination of Walker's motion will show that the trial court was correct.

On appeal, Walker's counsel argues that

"he provided the district court with a K.S.A. 60-1507 motion that fully detailed both a factual and a legal basis for the relief he seeks, centering on his claim that the Supreme Court's directive to district courts in *State v. Brown*, 295 Kan. 181, 284 P.3d 977 (2012)—that they must analyze whether the legislature listed two or more alternative distinct, material elements of a crime or, instead, options within a means that merely describe a material element or describe a factual circumstance that would prove the element—applied to Instruction No. 8 given to his jury."

Thus, Walker's counsel specifically argues

"that an alternative means issue is created in Instruction No. 8 by the alternative distinct, material elements in Claim 1 ('That the defendant intentionally took property, to-wit: driver's license from the person or presence of [victim]') and Claim 3 ('That the defendant inflicted bodily harm on [victim] in the course of such conduct.')."

But Walker also filed his own supplemental brief in which he asserts that "[t]he base issue here is 'insufficient evidence to convict.'" Walker "believes his use of the alternative means doctrine is an appropriate way to bring forth his 'insufficient evidence' issue."

What becomes clear, then, is that the alleged alternative means issue presented by *Brown* is the actual issue on appeal. This is true for two reasons. First, because Walker asserts that *Brown* amounts to an "intervening change in law" that constitutes an exceptional circumstance excusing the successiveness of his motion. And second, because Walker asserts that his argument based on *Brown* shows manifest injustice

7

excusing the untimeliness of his motion. Thus, Walker concedes that his current motion is successive and out of time. Accordingly, an examination of *Brown* and its impact, if any, on Walker's conviction and sentence will be determinative of his appeal.

In *Brown*, our Supreme Court addressed an alternative means argument relating to a conviction for aggravated indecent liberties with a child. The appellant's argument in *Brown* was based on the court's rule from *State v. Timley*, 255 Kan. 286, Syl. ¶ 1, 875 P.2d 242 (1994), *disapproved by State v. Brooks*, 298 Kan. 672, 317 P.3d 54 (2014), that "where a single offense may be committed in more than one way, there must be jury unanimity as to guilt for the single crime charged. Unanimity is not required, however, as to the means by which the crime was committed so long as substantial evidence supports each alternative means." The specific argument of the appellant in *Brown* is not pertinent to this appeal, as Walker is only concerned with the directive the court issued to future trial courts considering alleged alternative means issues. To that end, the court held:

> "[I]n determining if the legislature intended to state alternative means of committing a crime, a court must analyze whether the legislature listed two or more alternative distinct, material elements of a crime—that is, separate or distinct *mens rea, actus reus,* and, in some statutes, causation elements. Or, did the legislature list options within a means, that is, options that merely describe a material element or describe a factual circumstance that would prove the element? The listing of alternative distinct, material elements, when incorporated into an elements instruction, creates an alternative means issue demanding super-sufficiency of the evidence. Often this intent can be discerned from the structure of the statute. On the other hand, the legislature generally does not intend to create alternative means when it merely describes a material element or a factual circumstance that would prove the crime. Such descriptions are secondary matters—options within a means—that do not, even if included in a jury instruction, raise a sufficiency issue that requires a court to examine whether the option is supported by evidence." *Brown*, 295 Kan. at 199-200.

Here, Walker argues that Jury Instruction No. 8 created an alternative means issue where it alleged "[t]hat the defendant intentionally took property . . . from the *person or presence* of Joe Craver." (Emphasis added.) In his motion, Walker specifically argued that "even after favoring all the evidence in a light most favorable to the prosecution, the [S]tate did not under any circumstances produce a crumb of evidence, that the defendant intentionally took property to wit; drivers [*sic*] license from the person [first option] of Joe Craver." Walker further alleged in his motion that "[t]he record will show that it is in fact undisputed that Eric Ferguson took the drivers [*sic*] license." Thus, Walker is effectively arguing that the trial court failed to address the alleged alternative means issue and, therefore, failed to ensure each alternative means was supported by sufficient evidence.

Our first question, then, is whether Walker's charged crime actually presented an alternative means issue. Walker was charged with aggravated robbery under K.S.A. 21-3427, which defined aggravated robbery as "a robbery, as defined in K.S.A. 21-3426 and amendments thereto, committed by a person who is armed with a dangerous weapon or who inflicts bodily harm upon any person in the course of such robbery." K.S.A. 21-3426 defined robbery as "the taking of property from the person or presence of another by force or by threat of bodily harm to any person."

But before we apply the court's directive from *Brown* to determine whether an alternative means issue existed, we note that this court has already addressed the issue. Our court has held that "[t]aking property from the person of the victim and taking property from the presence of the victim do not constitute alternative means of committing aggravated robbery under K.S.A. 21-3427." *State v. Edwards*, 48 Kan. App. 2d 383, Syl. ¶ 5, 290 P.3d 661 (2012); see *State v. Cato-Perry*, 50 Kan. App. 2d 623, Syl. ¶ 2, 332 P.3d 191 (2014) (same). This court has further held that

> "[t]he use of 'person or presence' in the aggravated robbery instruction merely describes the victim's proximity to the property taken, and the two words are simply two options

9

used to describe different factual circumstances in which aggravated robbery can occur. Therefore, the phrase 'person or presence' in the aggravated robbery statute does not create an alternative means of committing the crime." *State v. Jackson*, 49 Kan. App. 2d 116, Syl. ¶ 5, 305 P.3d 685 (Kan. App. 2013).

It is clear, then, that neither K.S.A. 21-3427 nor Jury Instruction No. 8 created an alternative means issue in Walker's criminal case. Thus, we reject Walker's argument that his case presented an alternative means issue.

Moreover, Walker's main argument from his motion seems to be predicated on a misunderstanding of the State's case against him. The State never presented any evidence that Walker actually took the license from the victim, nor was the State required to do so to obtain a conviction. This is because Walker was charged under accomplice liability. Jury Instruction No. 9 confirmed the State's theory:

"A person who, either before or during its commission, intentionally aids, abets, advises, hires, counsels or procures another to commit a crime with the intent to promote or assist in tis commission is criminally responsible for the crime committed regardless of the extent of the defendant's participation, if any, in the actual commission of the crime."

This court has held "that the words 'aids' or 'abets' as they appear in the aiding and abetting statute are not alternative means of committing the crime of aggravated robbery." *Jackson*, 49 Kan. App. 2d at 134. Thus, the lack of evidence regarding Walker taking the license off of the victim would not implicate the super-sufficiency requirement of the alternative means analysis. This further undermines Walker's argument that an alternative means issue existed in his criminal case.

With that analysis settled, we now return to our inquiry as to whether the successiveness and untimeliness of Walker's motion are excused. First, we consider whether *Brown* amounts to an exceptional circumstance excusing the fact that Walker's current K.S.A. 60-1507 motion is successive. Because we have shown that Walker's

aggravated robbery charge did not present an alternative means issue under *Brown*, we cannot hold that *Brown* constituted an intervening change of law—or an exceptional circumstance. And because *Brown* does not constitute an exceptional circumstance excusing the successiveness of Walker's motion, the trial court was not required to consider its merits.

Moreover, a brief review of the *Vontress* factors will prove that Walker has failed to show that he is excused from failing to timely file his K.S.A. 60-1507 motion. Walker fails to meet his burden under the first *Vontress* factor to show persuasive reasons or circumstances that prevented him from timely filing his motion. Walker's reason for failing to timely file his motion is that *Brown* was not available. But because we have shown that *Brown* does not affect Walker's conviction, it is not a persuasive reason for failing to file. Walker also fails to meet his burden under the second *Vontress* factor to show that his claim presents substantial issues of law or fact. As our discussion of *Brown* showed, Walker's alternative means argument fails. And finally, Walker failed to meet his burden under the third *Vontress* factor to set forth a colorable claim of actual innocence. As we noted before, Walker's claim of innocence is based on a misunderstanding of the State's case against him, which was based on a theory of accomplice liability. Thus, even if we were to excuse the successiveness of Walker's motion, we could not excuse the fact that Walker filed his motion out of time and failed to show manifest injustice excusing such untimeliness.

For those reasons, we hold that the motion, files, and case records conclusively show that Walker is entitled to no relief. Accordingly, we affirm the denial of his K.S.A. 60-1507 motion.

Affirmed.

11