NOT DESIGNATED FOR PUBLICATION

No. 114,119

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JOSE G. DELACRUZ,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed November 2, 2018. Affirmed in part and dismissed in part.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., BUSER and SCHROEDER, JJ.

PER CURIAM:  Jose Delacruz appeals the summary dismissal of his K.S.A. 60-1507 motion. We find no error and affirm in part and dismiss in part.

A panel of this court affirmed Delacruz' conviction for aggravated robbery. See *State v. Delacruz*, No. 106,082, 2012 WL 1352865, at *1-2 (Kan. App. 2012) (unpublished opinion), *rev. denied* 299 Kan. 1271 (2014). We deem it unnecessary to set out the underlying facts because the panel in Delacruz' direct appeal discussed the gruesome facts in detail.

1

In that case, Delacruz argued: (1) the evidence at his trial was insufficient to convict him of aggravated robbery; and (2) the district court violated his due process rights by sentencing him to the aggravated prison term without submitting aggravating factors to the jury. 2012 WL 1352865, at *3-4, 9. Delacruz' appellate counsel, Lydia Krebs, did not request oral argument in his brief filed August 30, 2011.

This court affirmed, finding the State presented evidence sufficient for a rational fact-finder to determine Delacruz was guilty beyond a reasonable doubt. 2012 WL 1352865, at **3, 5-7. It also found the district court's sentencing of Delacruz to the aggravated term within the presumptive range did not violate his due process rights. The court noted Delacruz "candidly" acknowledged controlling precedent decided this issue against him. 2012 WL 1352865, at *9. Delacruz petitioned the Kansas Supreme Court for review, but his petition was denied.

Delacruz timely filed his 60-1507 motion along with supporting documents. In support of his motion for new evidence, Delacruz stated: "I requested motion for oral argument in my appeal to the Supreme Court of Kansas [*sic*]. Attorney Lydia Krebs refused to cooperate with my needed legal request." Delacruz attached a letter written to Krebs, dated January 5, 2012, in which he wrote: "I am writing to request that you in fact motion for oral arguments in my upcoming appeal."

In his K.S.A. 60-1507 motion, Delacruz listed two grounds on which he based his allegation he was in custody unlawfully: (1) there was insufficient evidence to support his conviction because the credibility of the eyewitnesses was in question "because of their drug induced conditions, psychiatric impairment and lengthy criminal records"; and (2) the district court violated "Due process and Jury Trial rights by Sentencing to the aggravated guidelines sentence without submitting the aggravating factors to the Jury."

2

Claiming these grounds were not previously raised, Delacruz wrote his case was a "unique legal situation," and he would "prove witnesses against [him] were practicing to provide false testimony against [him] so that they would be more prepared for another trial." Delacruz also claimed Krebs provided inadequate assistance of counsel during his appeal because she "failed [in my] request to file for Oral argument. I believe counsel[']s silence in the matter only allowed further assasination [*sic*] of [my] character."

The district court dismissed Delacruz' 60-1507 motion. The district court noted this court affirmed Delacruz' conviction and the Supreme Court denied review. The district court stated the issue of sufficiency of evidence was raised in Delacruz' direct appeal. The district court also noted a departure sentence was not imposed, so a jury was not required to find aggravating circumstances. The district court found Delacruz' motion failed to state a cause of action upon which relief may be granted because the only allegation of ineffective assistance of counsel was that appellate counsel did not request oral argument.

Delacruz contends the district court erred in summarily denying his motion for relief under K.S.A. 60-1507. He argues the district court should have conducted an evidentiary hearing into the "failure to impeach eyewitnesses and co-defendants who testified at trial, the failure of the State to present evidence supporting an aggravated sentence, and the failure of appellate counsel to request oral argument." The State contends the district court's summary dismissal of Delacruz' motion was appropriate because he failed to meet his burden to allege facts sufficient to warrant a hearing or to conclusively show he was entitled to relief.

To be entitled to relief under K.S.A. 60-1507, the movant must establish by a preponderance of the evidence that either: (1) "the judgment was rendered without jurisdiction"; (2) "the sentence imposed was not authorized by law or is otherwise open to collateral attack"; or (3) "there has been such a denial or infringement of the

3

constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 60-1507(b) (grounds for relief); Supreme Court Rule 183(g) (2018 Kan. S. Ct. R. 223) (preponderance burden).

A district court has three options when handling a 60-1507 motion:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citation omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

Our standard of review depends upon which of these options a district court utilizes. *Sola-Morales*, 300 Kan. at 881. In this case, the district court summarily dismissed Delacruz' motion. When the district court summarily denies a 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish the movant is not entitled to relief. 300 Kan. at 881.

To avoid the summary denial of a 60-1507 motion, a movant bears the burden of establishing entitlement to an evidentiary hearing. To meet this burden, a movant's contentions must be more than conclusory, and either the movant must set forth an evidentiary basis to support those contentions or the basis must be evident from the record. If such a showing is made, the court is required to hold a hearing unless the motion is a "second" or "successive" motion seeking similar relief. *Sola-Morales*, 300 Kan. at 881 (quoting *Holt v. State*, 290 Kan. 491, 495, 232 P.3d 848 [2010]; see *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 [2015]).

4

Supreme Court Rule 183(c)(3) (2018 Kan. S. Ct. R. 224) provides:

"A proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors must be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided exceptional circumstances excuse the failure to appeal."

"Exceptional circumstances" include "'unusual events or intervening changes in the law which prevent a movant from reasonably being able to raise all of the trial errors in the first post-conviction proceeding.' [Citations omitted.]" *State v. Mitchell*, 297 Kan. 118, 123, 298 P.3d 349 (2013). Exceptional circumstances can include ineffective assistance of counsel. *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009).

The district court summarily dismissed Delacruz' motion, finding his issues were either prohibited as a matter of law or he otherwise failed to demonstrate he was entitled to relief. Delacruz argues he was entitled to an evidentiary hearing on his motion to resolve three issues: (1) whether trial counsel was ineffective for failing to investigate and impeach the State's witnesses; (2) whether the imposition of the aggravated sentence in the presumptive range was improper; and (3) whether appellate counsel was ineffective for failing to request oral argument. We will address each argument in turn.

*Trial counsel*

Delacruz contends the evidence was insufficient to convict him because—he suggests—the testimony offered by the codefendants, Coons and Grissom, should not have been considered reliable at his trial due to their criminal records and mental health issues. He argues trial counsel was deficient for failing to pursue these issues related to the men's testimony. The State contends Delacruz raised the issue of insufficient evidence at his trial during his direct appeal. Consequently, he cannot relitigate this issue again. The State further argues Delacruz should have raised the issue of witness credibility in

his direct appeal and his failure to do so constitutes a waiver of the issue. The State's argument is persuasive.

On direct appeal, Delacruz raised sufficiency of the evidence as an issue. This court examined the record and determined the evidence—including information about witnesses' drug, criminal, and psychiatric histories—was sufficient to support Delacruz' conviction for aggravated robbery. *Delacruz*, 2012 WL 1352865, at *1-4. Delacruz does not explain why this issue of witness credibility was not raised in his direct appeal. A proceeding under K.S.A. 60-1507 may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. See Rule 183(c)(3).

In his current appeal, however, Delacruz attempts to couch the issue of insufficient evidence as an ineffective assistance of trial counsel issue. To prevail on this claim of ineffective assistance of counsel, Delacruz must establish (1) the performance of defense counsel was deficient under all of the circumstances, and (2) prejudice, i.e., there is a reasonable probability the jury would have reached a different result absent the deficient performance. *Sola-Morales*, 300 Kan. at 882 (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]).

Delacruz' issue reads: "Failure to Investigate and Impeach Eyewitnesses/Co-Defendants." He provides no information or allegations as to how trial counsel failed to investigate or failed to cross-examine the State's witnesses. Delacruz neither explains how trial counsel's performance was deficient, nor how any claimed deficiency prejudiced his right to a fair trial. His claim is based on conclusions with no factual support.

Delacruz fails to meet his burden to articulate "exceptional circumstances" to explain why he did not raise the alleged deficiency of trial counsel in his direct appeal. Further, Delacruz raised the issue of sufficiency of evidence in his direct appeal. He does

6

not acknowledge this fact and he does not explain why he did not include witness credibility as part of his sufficiency of evidence issue in his direct appeal. Nevertheless, this court does not reweigh evidence or second guess a jury's credibility determinations. The district court did not err in finding the issue of sufficiency of the evidence was addressed on direct appeal and it was for the jury to determine the credibility of witnesses.

*Presumptive aggravated sentence*

In this appeal Delacruz concedes—as he did in his direct appeal—the district court had the discretion to impose any sentence within the presumptive range. See K.S.A. 2017 Supp. 21-6804(e)(1); *Delacruz*, 2012 WL 1352865, at *9; Rule 183(c)(3) (a proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for a second appeal). Delacruz acknowledges here this court does not have jurisdiction to review the district court's sentence since it was within the presumptive range. See K.S.A. 2017 Supp. 21-6820(c)(1). With Delacruz' acknowledgement, we will not proceed any further in addressing this point. Delacruz received a valid sentence within the sentencing guideline range based on his crime of conviction and prior criminal history. We have no jurisdiction to review a presumptive sentence and dismiss this portion of Delacruz' appeal. See *State v. Sprung*, 294 Kan. 300, 317, 277 P.3d 1100 (2012).

*Appellate counsel*

The final issue raised by Delacruz in his 60-1507 motion was ineffective assistance of appellate counsel. It is a new issue. The rules governing ineffective assistance of counsel have been previously stated. Delacruz now claims Krebs was ineffective because she failed to move for oral argument after he requested she do so. He claims he was prejudiced because the State's appeal brief subjected him to further character assassination.

7

The State contends Delacruz' argument is without merit because he failed to cite authority to demonstrate a right to oral argument and so this issue is abandoned. Further, the State argues Kansas Supreme Court Rules governing oral argument reflect whether to have an oral argument or not is a discretionary call of the appellate courts. We find the State's argument persuasive.

Delacruz provides no authority in his brief to support a right to oral arguments before this court. Issues not adequately briefed are deemed waived or abandoned. *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018). A point raised incidentally in a brief and not argued therein is also deemed abandoned. *Russell v. May*, 306 Kan. 1058, 1089, 400 P.3d 647 (2017). Further, failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue. *University of Kan. Hosp. Auth. v. Board of Comm'rs of Unified Gov't*, 301 Kan. 993, 1001, 348 P.3d 602 (2015).

Even if an oral argument had been requested, it was still a discretionary call from the Court of Appeals to grant. Delacruz has failed to show the court would have granted his request.

Under these facts, Delacruz has failed to meet his burden to demonstrate Krebs was deficient by not requesting an oral argument. Delacruz has likewise failed to demonstrate he was prejudiced by Krebs' failure; he fails to show the outcome of his appeal would have been different with the opportunity for oral argument.

Delacruz' 60-1507 motion, the files, and the records conclusively demonstrate he is not entitled to relief. The district court did not err in summarily dismissing Delacruz' 60-1507 motion.

Affirmed in part and dismissed in part.