NOT DESIGNATED FOR PUBLICATION

No. 119,251

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JUSTIN CHARLES TAYLOR,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Riley District Court; JOHN F. BOSCH, judge. Opinion filed March 1, 2019. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Barry K. Disney*, senior deputy county attorney, *Barry R. Wilkerson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., HILL and SCHROEDER, JJ.

PER CURIAM: Justin Charles Taylor entered a no contest plea to one count of voluntary manslaughter and one count of rape. More than two years after he was sentenced, Taylor filed a K.S.A. 60-1507 motion alleging ineffective assistance of counsel. The district court summarily denied that motion as untimely, finding Taylor had not shown manifest injustice as is necessary to extend the one-year filing limitation. Taylor appeals, arguing that he showed manifest injustice because his attorney had failed to meaningfully consider his mental illness before allowing him to enter a plea, which was not knowingly or understandably made. Finding no error, we affirm.

1

*Factual and procedural background*

Taylor was first charged with second-degree murder. The district court appointed Larry McRell to represent Taylor in that criminal case. Several months later, McRell filed a notice of intent to rely on the defense of mental disease or defect. McRell then moved to suppress Taylor's statements to police, arguing that they had been made while Taylor was "mentally ill." McRell consulted with Dr. David Mouille, a licensed psychologist. Mouille interviewed Taylor and his parents, reviewed documents, and reported his synopsis of Taylor's mental health issues.

While Taylor's murder charge was pending, The State charged Taylor with another crime—a rape. Taylor entered into a plea agreement in which the State agreed to reduce the second-degree murder charge to voluntary manslaughter and to consolidate the homicide and rape cases. Taylor pleaded no contest to both crimes.

Before sentencing, Taylor filed a long sentencing memorandum which included his letter apologizing for and acknowledging the wrongness of his "inexcusable" actions. The district court sentenced Taylor to the standard presumptive prison term of 155 months for the rape and 59 months for the homicide. Taylor did not file a direct appeal.

But more than two years after he was sentenced, Taylor filed the K.S.A. 60-1507 motion which underlies this appeal. That motion claims that his trial counsel was ineffective. Taylor claimed that his counsel "refused [him] a valid defense" because he knew Taylor had made statements about not knowing of the actual offense, memory loss, illicit drug use, and altered state of mind. Taylor supported these claims by alleging that his attorney knew he had multiple mental disorders but had not consulted with a mental health expert. Taylor then argued that he should be allowed to withdraw his plea because his counsel was ineffective.

2

The district court summarily denied Taylor's K.S.A. 60-1507 motion and combined motion to withdraw his plea, relying on the factors listed in *Vontress v. State*, 299 Kan. 607, 325 P.3d 1114 (2014), and the statutory language in K.S.A. 2014 Supp. 22-3210. It found that Taylor had neither shown manifest injustice, as is necessary to avoid the one-year time limitation to file his 60-1507 motion, nor shown good cause as is necessary to withdraw his plea. Taylor timely appealed.

*Did the district court err in summarily dismissing Taylor's K.S.A. 60-1507 motion?*

On appeal, the parties address Taylor's motion as a single motion under K.S.A. 60-1507 alleging ineffective assistance of counsel. Taylor's brief on appeal argues only that he established manifest injustice to excuse the untimeliness of his K.S.A. 60-1507 motion. We thus review Taylor's motion as a K.S.A. 60-1507 motion but we recognize that his plea motion is, as Taylor explains, "inexorably intertwined" with this motion.

*Standard of review*

When the district court summarily denies a K.S.A. 60-1507 motion, we conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

To avoid the summary denial of a motion brought under K.S.A. 60-1507, a movant bears the burden of establishing entitlement to an evidentiary hearing. To meet this burden, Taylor's contentions must be more than conclusory. To do so, he must set forth an evidentiary basis to support those contentions, or the evidentiary basis must be evident from the record. If Taylor makes such a showing, the court must hold a hearing unless the motion is a successive motion seeking similar relief. *Sola-Morales*, 300 Kan. at 881 (citing *Holt v. State*, 290 Kan. 491, 495, 232 P.3d 848 [2010]); see *State v. Sprague*,

3

303 Kan. 418, 425, 362 P.3d 828 (2015). "Under K.S.A. 60-1507, a district court must conduct an evidentiary hearing unless the motion, files, and records of the case conclusively show that the petitioner is not entitled to relief." *Bellamy v. State*, 285 Kan. 346, Syl. ¶ 6, 172 P.3d 10 (2007).

*The one-year limit and exceptions under K.S.A. 60-1507*

A person in custody serving a sentence has one year to file a timely K.S.A. 60-1507 motion. When no direct appeal is taken, that time begins to run when the jurisdiction of the appellate court terminates. The one-year limitation can be extended only to prevent "manifest injustice." K.S.A. 60-1507(f). The movant bears the burden to establish manifest injustice by a preponderance of the evidence. See Supreme Court Rule 183(g) (2019 Kan. S. Ct. R. 228).

Our Supreme Court defined "manifest injustice" in *Vontress* as meaning "'obviously unfair'" or "'shocking to the conscience.'" 299 Kan. at 614; see *White v. State*, 308 Kan. 491, 496, 421 P.3d 718 (2018). *Vontress* also established a nonexhaustive list of three factors for judges to consider under the totality of the circumstances:

> "(1) the movant provides persuasive reasons or circumstances that prevented him or her from filing the 60-1507 motion within the 1-year time limitation; (2) the merits of the movant's claim raise substantial issues of law or fact deserving of the district court's consideration; and (3) the movant sets forth a colorable claim of actual innocence, *i.e.,* factual, not legal, innocence." 299 Kan. at 616.

We need not give these factors equal weight and no single factor is dispositive. 299 Kan. at 616. We consider the totality of the circumstances without simply tallying these three factors in a "mechanical" or "mathematical" way. *White*, 308 Kan. at 513.

4

In 2016, however, the Legislature amended K.S.A. 60-1507, limiting the factors courts can consider in determining manifest injustice. It adopted the first and third *Vontress* factor above but not its second—whether there existed a "substantial issue of law or fact." Nor did it incorporate *Vontress*' allowance for other, nonlisted factors. Thus a court's manifest injustice determination may now consider only two factors: (1) whether the movant provides persuasive reasons or circumstances that prevented the filing of the 60-1507 motion within the one-year time limitation; and (2) whether the movant sets forth a colorable claim of actual innocence.

In *White*, our Supreme Court held that those limiting amendments to K.S.A. 60-1507 do not apply retroactively to motions filed before July 1, 2016. 308 Kan. at 502. Taylor filed his motion in June 2014, so the 2016 amendments do not apply to it. As a result, we consider all three *Vontress* factors, as did the district court, to determine whether Taylor established manifest injustice by a preponderance of the evidence.

Taylor does not argue that the first *Vontress* factor applies— he fails to give any persuasive reason he could not have filed his K.S.A. 60-1507 motion within the one-year time limit. Nor does he claim that he is innocent of his underlying crimes, as the third *Vontress* factor requires. Instead, he accepted responsibility for his crimes. Taylor claims that he does not fully remember raping his victim because he was under the influence of mind-altering drugs at the time, but he acknowledges that he committed that offense. Taylor's focus, and ours, is solely on the second factor—whether the merits of his claim raise substantial issues of law or fact deserving of the district court's consideration.

*Taylor showed no substantial issues of law or fact re: ineffectiveness of counsel.*

Under the second factor, Taylor argues that his trial attorney was ineffective for failing to sufficiently question whether Taylor had the capacity to enter a plea. Taylor,

5

citing Mouille's report, contends that he could not have knowingly and understandably entered a plea.

To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) that the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice. *Sola-Morales*, 300 Kan. at 882 (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 [1984]). To establish prejudice, the defendant must show a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. A reasonable probability means a probability sufficient to undermine confidence in the outcome. *Sprague*, 303 Kan. at 426.

Judicial scrutiny of counsel's performance in a claim of ineffective assistance of counsel is highly deferential and requires consideration of all the evidence before the judge or jury. The reviewing court must strongly presume that counsel's conduct fell within the broad range of reasonable professional assistance. *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014). We apply that presumption here.

Contrary to Taylor's assertion that McRell did not contact a mental health professional, the record shows McRell consulted with Mouille, a licensed psychologist. McRell considered Mouille's report and relied on it as the basis for Taylor's defense before determining the best course of action for Taylor's case. McRell not only filed a notice of intent to rely on mental disease and defect but also filed a motion to suppress Taylor's statements to police, arguing that they had been made while Taylor was "mentally ill." McRell thus brought Taylor's mental issues to the district court's attention.

Taylor relies on Mouille's report. But Mouille's report, based on his diagnostic interview and records review, does not show that Taylor did not understand his plea or that McRell was ineffective. Mouille's stated purpose for the diagnostic interview was "to

6

determine whether Mr. Taylor displayed any symptoms of a mental illness that might impact the legal issues in which he is now involved." He "found indications of the probable presence of several debilitating illnesses, any one of which would limit [his] ability to cooperate fully." Mouille's report recommended that Taylor be removed from custody and moved to a secure hospital because he was a danger to himself. He opined that Taylor had displayed symptoms of various mental illnesses, and he offered one "possible diagnosis." But Mouille stated "[i]t is quite probable Mr. Taylor is affected by more than one illness, but to be more specific about which illness affects him, I would need to conduct a much more thorough evaluation."

Mouille's report did not state that Taylor had any mental disease or defect. Although it said Taylor showed symptoms of some mental issues, it concluded that a "much more thorough evaluation" was needed to make a diagnosis. McRell abandoned the mental disease or defect defense only when Taylor chose to enter into a plea agreement with the State. A reasonable attorney could have acted as McRell did. The record fails to suggest that McRell's performance was somehow deficient under the totality of the circumstances. Taylor has failed to set forth an evidentiary basis to support his claims of ineffective assistance of counsel, and none is evident from the record.

*Taylor showed no substantial issues of law or fact re: involuntariness of his plea.*

K.S.A. 2017 Supp. 22-3210(a) embodies due process requirements and adds statutory conditions precedent to the acceptance of a plea. *State v. Edgar*, 281 Kan. 30, 37, 127 P.3d 986 (2006). Before a court can accept a defendant's plea, the State must present an adequate factual basis establishing all the elements of the crimes charged. K.S.A. 2017 Supp. 22-3210(a)(4). And the district court must personally inform the defendant of the consequences of the plea, making sure that the defendant understands them. *State v. Moses*, 280 Kan. 939, 948-49, 127 P.3d 330 (2006). The district court complied with these requirements before accepting Taylor's plea.

7

Taylor generally contends that his mental issues rendered his plea involuntary. But the plea hearing, the plea agreement, and the sentencing hearing refute that conclusion. At the plea hearing, the district court explained the charges Taylor was facing, explained the rights Taylor would be waiving if he entered a guilty or no contest plea, and questioned Taylor on his education level and his understanding of the plea. Taylor responded appropriately to all those inquiries, agreeing that he had ample opportunity to discuss the consequences of his plea with his attorney, that he was about to graduate from college, and that there had been no force, threats, or coercions involved in getting his plea, and that he was not under the influence of any mind-altering substance when he pleaded. The State then gave a factual account of Taylor's crimes before the district court accepted Taylor's plea. The colloquy between Taylor and the judge who took his plea shows that Taylor knew and understood the consequences of his plea.

The plea agreement that Taylor signed does the same. In that agreement, Taylor acknowledged that he had discussed its contents with his attorney and that he understood that he would be found guilty of the charges he pleaded to. The plea agreement significantly cut the time Taylor would have spent in prison had he been found guilty of the original charge (second-degree murder, a severity level 1 felony) instead of the reduced charge of voluntary manslaughter (a severity level 3 felony) to which he pleaded.

Similarly, the sentencing hearing transcript shows that Taylor understood his plea, took responsibility for his actions, and eloquently apologized for them to the victims and families who were present. Nothing in Taylor's statements, nor his interaction with the district court evidences that Taylor was struggling with a mental illness to the extent that could render his plea involuntary or unknowing.

Here, as above, Taylor relies solely on Mouille's report. Although Mouille's report states that Taylor showed some symptoms of mental illness, it did not attempt to diagnose

8

his illness. Nor did it suggest that Taylor lacked the ability to knowingly make or understand a no contest plea.

Ultimately, Taylor fails to support with some evidence his claim that McRell was ineffective or that his plea was involuntarily made. Instead, Taylor gives only conclusory statements that his attorney knew he had a mental illness and somehow forced Taylor's hand in accepting the plea agreement. Because Taylor made only unsupported conclusory statements, Taylor fails to show that a substantial issue of law or fact existed to excuse the untimeliness of his K.S.A. 60-1507 motion.

*Totality of the circumstances*

Our review of the totality of the circumstances shows that dismissal of Taylor's untimely K.S.A. 60-1507 motion will not result in manifest injustice. McRell consulted a mental health professional and considered Taylor's mental deficiencies when deciding how to proceed with his case.

We note that several of Taylor's contentions in this K.S.A. 60-1507 motion should have been raised instead in a direct appeal. In his original motion, Taylor argued that McRell should have called expert and non-expert witnesses, requested psychological exams for his mental state, challenged his co-defendant's credibility, and reviewed lesser included offenses with him. Some of these assertions are inaccurate, as McRell did obtain a report from Mouille. Most of these arguments would have been relevant only if Taylor had gone to trial. Taylor cannot use a proceeding under K.S.A. 60-1507 as a substitute for a direct appeal. Supreme Court Rule 183(c)(3) (2019 Kan. S. Ct. R. 228). Exceptional circumstances may allow a defendant to raise trial errors, including ineffective assistance of counsel, for the first time in a K.S.A. 60-1507 motion, but Taylor has not shown ineffectiveness or other exceptional circumstances here. See *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009) (finding ineffective assistance of counsel as a potential

exceptional circumstance allowing consideration of a mere trial error in a K.S.A. 60-1507 motion).

*Conclusion*

Taylor filed his 60-1507 motion more than one year after his underlying conviction was final. That motion was untimely, yet Taylor failed to establish that manifest injustice will result if he is not allowed to proceed. The district court properly dismissed this motion.

Affirmed.